The opinion of the court, (Tilghman, C. J. being absent,) was delivered by
Duncan, J.
This was an appeal from a judgment of a justice of the peace in favour of the .defendant in error, 94 dollars and 9 cents in debt. The process of the justice was for demand and damage for one-third of a Fuller’s book, not exceeding 100 dollars.
The declaration in the Common Pleas was in account render. The arbitrators awarded in favour of the defendant in error, plaintiff below, 85 dollars and 57 cents. From the return of the justice it would appear, that account render was the proper form of action in which the plaintiff claimed one-third of the amount of the proceeds of a fulling transaction.
It is impossible to sustain this proceeding, which commenced in error before the justice, and ended in error of the arbitrators. *228 The errors assigned are, first, that the declaration sets out no time during which the plaintiff in error acted as bailiff of the defendant in error.
Second, that the arbitrators did not make and annex to the report from the account of the parties, their allegations and proofs, such account between them as they thought just, from which the balance in the award resulted.
Third, that no declaration was filed when the rule to arbitrate was entered.
The declaration leaves the time in which the plaintiff in error acted as bailiff, a blank. A verdict would cure this, but I am not prepared to say, that an award of arbitrators in every case would have the same healing effect as a verdict, yet I would consider this objection so merely formal, that Where the parties have appeared before the arbitrators, and their proofs and allegations were heard, as is stated in this award, this would cure the defect, in not filling up the blank in the declaration as to the time.
The third error assigned is not supported by the record. The declaration was filed on the 19th August, 1822, and the rule entered on the same day. There is in general no fraction of a day. It does not appear which preceded, nor would the inquiry be suffered as to the hour and minute in which the acts were done, in order to defeat a judgment.
The second exception is, however, fatal. Account render was not within the original compulsory arbitration act. Jones v. Stratton, 4 Rawle, 76: but by act 30th March, 1821, 7 Bioren, 430, it was extended, but this act marked out the path to be pursued by the arbitrators. “The arbitrators shall hear, and a majority of them determine on the whole merits of the cause and report the balance due by either party to the other, and make and annex to the report from the accounts of the parties, their allegations and proofs, such an account between them as they shall think just, which account shall result in the balance reported in the award,” and though for my own part, I cannot see the use of such account, for there can be no demurrer or issue taken on the items of the account, as there may be before auditors proceeding according to the course of the common law, and then the matters of law decided by the court and the matters of fact by a jury, when the account is finally settled by the auditors, according to the result of the trial, for fact and law are all to be decided by the arbitrators, whose judgment for the balance is conclusive, unless appealed from within 20 days, and when appealed from and returned back to court, the trial is de novo without any relation to the award, yet as the legislature in conferring this new power on the arbitrators, have directed the manner in which it shall be done, that, and no other must be followed. The proceeding was to be according to the prescribed course, the e.ourt cannot dispense with it, or accept of any equiva- ' lent substitute. It is imperative. The legislature distinguish ac *229 count render from all other actions. The legislature have distinguished and courts cannot say there shall be no difference.
But there are other exceptions. Justices of the peace haveno jurisdiction in actions of account render. The same reason assigned against the jurisdiction of arbitrators, under the original arbitration act, holds as to justices. In giving jurisdiction to justices of the peace the legislature had only in view those actions in which judgment is for a specific sum, where if there is no appeal, execution is to issue. A justice of the peace has no jurisdiction except where his judgment is to be for a sum certain. Knight v. Wiltberger, 4 Yeates, 127. The complex machinery of assignment of auditors, and of issues in fact and law which may be taken on the items of the account is all foreign to the tribunal. Account render cannot be considered as a debt or demand under 100 dollars. Besides, though the justice ought find the balance due under 100 dollars, yet he might necessarily decide a sum exceeding that. If the justice had no jurisdiction in account render, then the Court of Common Pleas had no power to try on appeal, all would be coram non judioe, as much as if the justice decided the title in ejectment, and on appeal the plaintiff filed a declaration, a statement in ejectment. For on an appeal, if it appear from the transcript, that the justice exceeded his jurisdiction, the defendant can take advantage of the error, though after a plea of the general issue, and a trial upon the merits. Moore v. Wait, 1 Binn. 219. There is still another objection, a fatal objection. The justice has not proceeded in an action of account render, but for a certain debt or demand under 100 dollars. Now it is clear, that in the appellate court, the appellee cannot substitute another and a different claim. No two causes of action can be more different, than a demand for debt and damages under 100 dollars, and a claim on a party to render an account of the time he was the bailiff and receiver of the monies of the complainant, for in the action of account render the plaintiff can have judgment for arrearages to a greater amount than the damages laid in his declaration, whereas in any other form of action, he cannot recover more than the damages his declaration concludes to. The mode of proceeding is totally different, the judgments different. An action of account has no resemblance to debt or assumpsit, or any other form of action or procedure. It lies only in particular cases, and the proceeding is different from all other cases. The proceedings are not only different, but the cause of action is not the same: for though it is a settled rule that the proceedings on an appeal from a justice are de novo, as to the declaration, pleadings, and evidence, yet the cause of action must continue the same. Oliver v. Shelhamer, 3 Binn. 45.
Judgment reversed.