*Rutland,*
January,
1826.

JOHN CONANT and SONS *vs.* STEPHEN SMITH and SAMUEL BUEL.

The Court will not order partition of real estate, held in common, where the value of the several parts cannot be ascertained, as in the case of an *ore-bed:*

Nor will they, in such case, order a *sale* thereof, or an *assignment* to one of the parties, though authorized by the statute; but the proper remedy of the party aggrieved, is by application to the court of chancery.

Costs cannot be recovered, where there is no question as to the *title* of the respective parties.

THIS was a case of petition for partition, brought under the act, entitled "An act, for the partition of real estate, in certain cases."* *See Stat.172, ch. 19.*

The petitioners set forth in their petition, that they were the owners, in fee simple, of *fifteen sixteenths,* and the petitionees, of *one sixteenth* of a certain tract of land in Brandon, containing an ore-bed, as tenants in common—and that they were desirous of holding and enjoying their portion thereof in severalty.

They further represented, that the said tract could not be divided, without great inconvenience to the parties interested, (the chief value thereof consisting in the ore therein,) and, therefore, *prayed* the Court to order partition of said tract; or, that the *whole* of said tract might be assigned to *them;* they paying such sum or sums of money, at such time or times, and in such manner, to the petitionees, as the *commissioners,* to be appointed by the Court, should judge just and reasonable, agreeably to the statute in such case made and provided.

From the evidence it appeared, that the tract in question contained about 36 acres: that the ore, so far as discovered, was confined to about two acres, and the residue of the land worth but little: that the ore is of the description called *bog-ore,* and grows again after being dug out; that the bed has been discovered 15 or sixteen years, and wrought, in places, from *two* to *fifty* or *sixty* feet deep. That the petitionees' furnace is much nearer to the ore bed, than the petitioner's furnace—that for some time past, the petitionees had dug much more ore than the petitioners, in proportion to their respective shares; and that considerable difficulty had occurred between the parties, in consequence of their respective diggings. The *title* of the parties was admitted to be, as set forth in the petition.

The opinion of the Court was delivered by

ROYCE, J. This is a petition for partition of a small piece of land, the value of which consists chiefly in an ore-bed, which for several years has been known to exist in a part of the tract. A suggestion is made, that it may be difficult to divide the bed to advantage; and the scope and design of the petition seems rather to obtain an assignment of the defendants' share, than an actual division of the estate. The situation and quality of this property is such as to justify the Court in declining to order a partition, or sale. The exact extent of the ore-bed is probably not yet known; and much less is the comparative depth

*Rutland,*
January,
1826.
and richness of its several parts.  It would, therefore, be very
hazardous to attempt a final division of the land itself; and to
order a division in point of time, by directing the parties to
Conant *et al.*
*vs.*
Smith *et al.*
improve the whole in succession, according to their interests,
would operate to destroy all benefit to the owners of a small
share.  And then, to direct a sale of the defendants' share with-
out their consent, though authorized by the statute, is against
common right, and ought to be avoided, if equal or better jus-
tice can be obtained in another way.  The court of chancery
has powers to preserve the rights of the parties, and avoid all
these evils.  They can regulate the enjoyment of this property
between the owners, by restricting them to the proportion of
their respective interests, by compelling accounts between
them, and by appointing a common receiver for all parties.  It
is further to be recollected, that the orders of that Court are
not necessarily peremptory and final, but may be altered from
time to time, and suited to the varying state of the subject and
condition of the parties.  To that jurisdiction we must there-
fore refer the petitioners, and refuse their present application.

*Bates* now moved the Court, that the petitionees be allowed
their costs.

HUTCHINSON, J. considered it a case in which it was *discretion-
ary* with the Court, either to allow costs or not.

ROYCE, J. This being a case where no question is made about
the respective *titles* of the parties as set forth in the petition, and
the statute having given costs *upon a trial of the title*, it is to be
construed as having denied costs in other cases.

In this opinion, the other judges concurred; and no costs
were allowed.

*Chas. K. Williams*, for the petitioners.
*Robert B. Bates*, for the petitionees.