[SUNBURY, JUNE 30, 1829.]

## CUMMINGS and another *against* LEBO.

### IN ERROR.

A declaration setting forth, that the defendant bound himself *not to do* a particular act, when it is manifest that he intended to bind himself to do that act, being amendable in the court below, will be considered by this court as actually amended.

ERROR to the Court of Common Pleas of *Northumberland* county.

In the court below, *Daniel Lebo* brought an action of debt on a bond given by *John Cummings* and *Isaac Wertz*, in the sum of four hundred dollars, and in the declaration set forth, that the condition of the bond was, that if *John Cummings*, who was then under arrest under a *Capias ad Satisfaciendum*, at the suit of the said *Daniel*, should *not* be and appear at the next Court of Common Pleas for *Northumberland* county, to take the benefit of the insolvent laws, &c. then the bond should be void. A verdict and judgment were given for the plaintiff.

On error, it was argued by *Bellas*, that the judgment ought to be reversed, because the declaration sets forth no cause of action; the breach assigned being, that the debtor did not appear at the Court of Common Pleas, to take the benefit of the insolvent laws, which was the very thing he had undertaken not to do. This is the case of a surety against whom there can be no intendment. 11 *Serg. & Rawle*, 130. 14 *Serg. & Rawle*, 105.

*Lashells, contra*, was stopped by the court.

PER CURIAM.—Justice, convenience, and common sense, require that this exception should not prevail. Equity would reform such

(Cummings and another *v.* Lebo.)

a bond as is here set out, on the intrinsic evidence of mistake, which it bears on its face. The condition is *not* to appear, and it is in principle exactly the case of the promissory note mentioned by Lord HARDWICKE, 2 *Atk.* 31, in which the borrower promised *never* to pay. The plaintiff ought to have declared on the instrument according to its legal effect; so that, whether the bond contain the objectionable word or not, the defect in the declaration, being equally the effect of accident, and amendable below, is to be considered as actually amended here.

Judgment affirmed.