[ PHILADELPHIA, APRIL 4TH, 1840. ]

## STEFFEN *against* HARTZELL.

### IN ERROR.

1. In an action of account-render, the declaration stated that the plaintiff was possessed of an undivided third part of a certain lime kiln, and that the defendant had the care and management of the whole, &c., and as bailiff of the plaintiff to render an account to the plaintiff of his share, &c.   It appeared that the plaintiff and defendant, together with a third person, were tenants in common of the lime kiln.   It was *held,* that the third tenant in common was a competent witness for the plaintiff, and that his testimony was admissible to prove the tenancy in common, &c., and the receipt of money by the defendant.

2. A justice of the peace has not jurisdiction of an action of account-render.

3. An action of account-render was brought by one tenant in common against another, and a verdict was rendered for a sum less than $100.   *Held,* that the plaintiff was entitled to costs.

ERROR to the Common Pleas of Northampton county.

Jacob Hartzell brought an action of account-render in that Court against John Steffen.   The declaration contained two counts.   The first count averred that " whereas heretofore, to wit, on the first day of January, in the year of our Lord one thousand eight hundred and thirty-two, and from thence for a long space of time, to wit, hitherto, the said Jacob was lawfully possessed of one undivided third part, the whole in three parts, to be divided, of and in a certain lime kiln, with the appurtenances, situated in the township of Upper Saucon, in the county aforesaid; and the said John, during the time aforesaid, had the care and management of the whole of the said premises, with the appurtenances, to receive and take the rents,

(Steffen *v.* Hartzell.)

issues and profits thereof; and as bailiff of the said Jacob of what he received more than his just share and proportion thereof, to render a reasonable account thereof to the said Jacob, and his said share thereof, when he, the said John, should be thereunto afterwards requested, according to the form of the statute in such cases made and provided. And although the said John, during the time aforesaid, at the county aforesaid, received more than his just share and proportion of the rents, issues and profits of the said lime kiln, with the appurtenances, and the said Jacob's share thereof, that is to say, the whole of the rents, issues and profits of the said lime kiln, with the appurtenances; yet the said John, although he was afterwards, to wit, on the first day of January, in the year of our Lord one thousand eight hundred and thirty-cight, at the county aforesaid, requested by the said Jacob so to do, hath not rendered a reasonable account to the said Jacob of the said rents, issues and profits so received as aforesaid, or either of them, or any part thereof, or of the said share of the said Jacob, or any part thereof, but hath hitherto wholly neglected and refused so to do, contrary to the form of the statute," &c.

The second count averred that "whereas also, the said John heretofore, to wit, on the day and year aforesaid, and from thence for a long space of time, to wit, hitherto at the county aforesaid, was bailiff to the said Jacob of one undivided third part or share of a certain stone lime kiln and premises, to wit, at the county aforesaid; and the said John, during all the time last aforesaid, as such bailiff, took and received the rents, issues and profits of the said last mentioned lime kiln with the appurtenances, to render a reasonable account to the said Jacob when he should be thereunto afterwards requested. Yet the said John, although he was afterwards, to wit, on the first day of January, in the year of our Lord one thousand eight hundred and thirty-eight, at the county aforesaid, requested by the said Jacob so to do, hath not, as yet, rendered a reasonable account to the said Jacob of the said last mentioned rents, issues and profits so received as aforesaid, or either of them, or any part thereof, but hath hitherto wholly neglected and refused so to do, contrary to the form of the statute," &c.

The defendant pleaded *ne unques* bailiff or receiver, and fully accounted; and on these issues the cause came on for trial before Banks, Prest., on the 4th of May, 1839, when the plaintiff called one Thomas Ott as a witness, who was objected to on the ground that the plaintiff had stated in his opening that the defendant, the plaintiff, and Thomas Ott, the witness, agreed to build a lime kiln, and each to burn in it, and that when strangers burnt in it, they were to pay a certain sum. The defendant also objected to this evidence as not admissible under the pleadings. The Court however, overruled the objections; and the defendant excepted.

Vol. v.—57

(Steffen *v.* Hartzell.)

Thomas Ott testified that the lime kiln was built in partnership; that Jacob Hartzell, John Steffen and he built it, and repaired it altogether, &c.

The jury returned a verdict for the plaintiff for five dollars and six cents. A motion was then made for a rule to show cause why judgment should not be entered without costs; which after argument was discharged; and judgment was entered upon the verdict.

This writ of error was then taken; and the following exceptions filed.

" 1. The Court erred in admitting Thomas Ott as a witness.

2. The Court erred in admitting the testimony of Thomas Ott.

3. The Court erred in discharging the rule to show cause why the judgment should not be entered without costs: the Court should have made the rule absolute."

Mr. *A. E. Brown* and Mr. *Davis,* for the plaintiff in error, argued,

1. That Ott was not a competent witness: they cited *Black v. Marvin,* (2 *Penn. Rep.* 138.)

2. That the evidence offered varied from the declaration which stated Steffen to be the bailiff of Hartzell alone instead of the partnership, which the testimony went to prove. *Jordan v. Wilkins,* (2 *Wash. C. C. Rep.* 482.)

3. That the recovery being for a sum under $100, the plaintiff had no right to costs. *Masier v. Trumpbour,* (5 *Wendell,* 274.) *Brubacker v. Robinson,* (3 *Penn. Rep.* 295.) *McFadden v. Irwin,* (2 *Wharton's Rep.* 41.) *Galbreath v. Moore,* (2 *Watts,* 86.) *Camp v. Walker,* (5 *Watts,* 482.) *Willes,* 208.

Mr. *Gibons,* contra.

1. This action is brought under the statute of 4 & 5 Ann., c. 16, § 27, by one tenant in common against another; and it is settled that one tenant in common may be a witness for another. *Bennett v. Hethington,* (16 *Serg. & Rawle,* 193.) The statute of 4 & 5 Ann. is in force here. *Irwin v. Hanlon,* (10 *Serg. & Rawle,* 220.) The variance was immaterial. One tenant in common can be charged only for what he has received beyond his share.

2. A justice of the peace has no jurisdiction of an action of account-render. *Wright v. Guy,* (10 *Serg. & Rawle,* 227.) The plaintiff was not bound to bring assumpsit, merely because a justice of the peace has jurisdiction of that form of action.

The opinion of the Court was delivered by

HUSTON, J.—Jacob Hartzell brought an action of account-render against Steffen. This was not account-render at common law,

(Steffen v. Hartzell.)

but under the statute of 4 & 5 Ann. c. 16, § 27, which has been reported as adopted here, and is found in Roberts's statutes, and recognized in *Irwin* v. *Hanlon*, (10 *Serg. & Rawle*, 220.)

The narr. expressly states the parties to have been tenants in common of a lime kiln under the care and management of Steffen, and demands an account of what he received more than his own share. The defendant stated himself to be entitled to one third.

By an act of assembly of the state, the jury sworn on the first issue must or may state an account, and decide the whole case.

The errors assigned were that

1. The Court erred in admitting Thomas Ott, (who had been one of the tenants in common, while the kiln existed,) as a witness.

2. The Court erred in admitting his testimony.

3. In discharging the rule to show cause why judgment should not be entered without costs: the verdict having been for a sum under $100, viz. for $5 06.

As to the first two errors. The general, if not the universal rule, is, that a person not a party on record, nor interested in the matter trying, and for or against whom the verdict and judgment cannot be evidence, is a witness.

It appeared in evidence that the kiln was on Steffen's land; but that what is called the eye of the kiln was burnt or broken out, so that until rebuilt, the kiln cannot be used; in other words, the tenancy in common is at an end. This case was argued as if it had been a partnership in trade; but in such case after a dissolution of the partnership, if there be an agreement that each of the partners shall receive certain debts, either partner is a witness in an action by the other partners against a debtor of the firm, whose debt has been allotted to such other partner or partners. *Gow*, 155. *Austin* v. *Walsh*, (2 *Mass. Rep.* 401.) *Peake's N. P.* 21.

But account-render under the statute is, in some essential particulars, different from account-render at common law, between parties in trade or against a bailiff. A bailiff may be liable not only for what he actually received, but for what he might have and ought to have received: a tenant in common is answerable only for what he has actually received beyond his own share; and this according to one case, (1 *Ashmead*, 136,) after deducting a just proportion of such expenses as were necessarily disbursed for the common estate. This action only settles the account between the parties to this suit.

It further appeared that Ott and Steffen had once had a suit which had been settled by them. As to the allegation that Hartzell may yet sue Ott, it can't be pretended that the verdict and judgment in this case can be used by either party in such suit. Thomas Ott then comes within the rule, and was a competent witness; and under an act of assembly giving the jury power to decide the whole case, without auditors, as they did in this case, his testimony was pertinent to the matter trying.

(Steffen *v.* Hartzell.)

This Court has decided, (10 *Serg. & Rawle,* 227,) that a justice of the peace has not jurisdiction in account-render : which answers the 3d error assigned. The cases cited to prove that where the partnership began and ended with a single transaction, assumpsit will lie, have no application, because the case before us began in 1832 or 3, and ended about 1837, and consisted of many transactions during that time ; and because those cases relate to partnerships, and this is a case of account between tenants in common, which as was said before, is in many respects different from the former.

Judgment affirmed.