## MILLAR et al. v. CRISWELL.

On an appeal from the judgment of a justice of the peace in trover, neither party is bound by the amount of damages stated on the docket of the justice. They are only confined to the same cause of action.

Where a cause, when it was reached on the trial list, was referred, by consent of the attorneys of the parties in open court, to certain persons named as arbitrators, and such parol agreement was entered of record by the prothonotary; it was *held*, 1. That in such case, the rule of court which requires all agreements of counsel to be in writing, had no bearing. 2. That if a party make no application to the court to strike off such submission, the law will presume it to have been made with his approbation and consent. The agreement, in such case, will not be set aside on a writ of error.

ERROR to the Common Pleas of Allegheny county.

*September* 11. This was an appeal from the judgment of a justice of the peace. Robert Criswell, the defendant in error, commenced this action, which was trover for a car, against John B. Millar and John N. Millar, the plaintiffs in error, before a justice of the peace. It appeared that the amount of damages claimed by the plaintiff as stated on the docket of the justice, was $20. The justice gave judgment in favour of the plaintiff, for $28; whereupon the defendant appealed to the Court of Common Pleas.

It appeared from the record, that on the 21st of January, 1846, the appeal was, by consent of the attorneys of the parties in open

court, referred to William M. Shinn, George Selden, and William Wilson; who were to meet at the office of George Selden, on ten days' notice to either party, with power to substitute in case of non-attendance; on whose award, or that of a majority of them, the prothonotary was to enter judgment, which was not to be the subject of exception or appeal.

Pursuant to this submission, the arbitrators met, and after several adjournments, heard the parties, and made an award in favour of the plaintiff, for the sum of $42 36, with costs. On this award, judgment was regularly entered by the prothonotary, when the defendants sued out this writ of error, and removed the record to this court, where they assigned the following errors:

1. The award and judgment is for $42 36, a greater sum than that claimed by the plaintiff, which, as stated on the docket of the justice, was $20.

2. The submission is contrary to the rule of court.

3. An attorney at law, as such, has no power to deprive his client, without his assent, of the important constitutional right of trial by jury.

*Alden*, for plaintiff in error.

*Mellon*, contrà.

*September* 14. BURNSIDE, J.—The plaintiffs in error have failed to sustain either of their exceptions. They first complain, that the record of the appeal returned by the justice is for a less sum than the award of the arbitrators. When a case is brought by appeal into the Common Pleas and placed on the docket, from thence it is subject to the same rules as other actions. The amount of the damages stated on the docket of the justice does not bind either of the parties to that sum, or to a less or greater amount. They are only confined to the same cause of action. 3 Binn. 45; 10 Serg. & Rawle, 227. There was no change in the cause of action. The second exception has been abandoned. The remaining exceptions are, that the submission is contrary to the rules of court which require all agreements of counsel to be in writing, and that an attorney at law has no authority to deprive his client of the right of trial by jury. These rules have no bearing on the case before us. The record shows, that on the 21st January, 1846, by consent of attorneys in open court, the cause was referred to certain arbitrators named, to meet at the office of George Selden, on ten days' notice to either party, with power to substitute in case of non-attendance; on whose

award, or that of a majority of them, the prothonotary was to enter judgment, which was not to be subject to exception or appeal. The parties met and adjourned, and finally had a trial. As the defendant made no application to the Common Pleas to have the submission stricken off, the law presumes it to be with his. consent and approbation. Causes are often referred in this way. When the cause is reached on the trial list, counsel agree to refer, on terms which the judge or prothonotary enters. Such an agreement is not to be set aside by a writ of error. If the party is dissatisfied with the agreement of his attorney, he should apply to the court in which the agreement is entered, to set it aside. Huston v. Mitchell, 14 Serg. & Rawle, 307.

Judgment affirmed.