# Kraft *et al. versus* Gilchrist *et al.*

Suit was brought before a justice of the peace, in debt, on book account, in which the plaintiffs' demand was stated to be $43.50 for a lot of spars; *held*, that, on appeal from the judgment of the justice, it was not error for the plaintiff to declare in trover.

A mistake in laying the cause of action to have accrued on a day subsequent to the commencement of the suit, is cured by a verdict on the merits.

ERROR to the Common Pleas of *Allegheny county*.

This action was originally brought before a justice of the peace by J. M. Gilchrist and George Duncan against Peter Kraft and

*[Kraft et al. v. Gilchrist et al.]*

Samuel Lightner. The summons was issued in debt on book account, and the plaintiffs' claim before the justice was stated to be $43.50 for a lot of spars.

When the cause came into the Common Pleas, by appeal, the plaintiff declared in trover, laying the conversion to have taken place on a day subsequent to the commencement of the suit before the justice. The defendants pleaded not guilty.

When the case was called for trial, the defendants filed a special plea that the cause of action declared on was not the same as before the justice. The court below disregarded this plea, and directed the parties to go to trial; when there was a verdict for the plaintiffs for $28.

The defendants then moved in arrest of judgment; but the court below overruled their motion, and entered judgment on the verdict; which was here assigned for error.

*Penny & Sterrett,* and *D. Reed,* for the plaintiffs in error.

*R. B. Carnahan,* for the defendants in error.

The opinion of the court was delivered by

LOWRIE, C. J.—Properly speaking, there can be no question of forms of action before justices of the peace, but only of *causes* or subject-matters of action. The justice describes this case as " debt on book account;" but afterwards he is more particular, and says that " plaintiff's demand is for a lot of spars." When the case came into court on appeal, the plaintiffs declared in trover for thirty spars, and we cannot say that this is a change of the cause of action. We would say, *primâ facie,* it is not. If the defendants had wrongfully converted the spars and sold them, the form in court might be either *assumpsit* or trover: 17 *S. & R.* 141.

But the wrongful conversion is laid in the declaration as having been the day after the suit was brought before the justice. This is very evidently a mere mistake, for it is the same cause of action, and must have arisen before suit brought. No notice was taken of this mistake on the trial; no demurrer or motion to strike off the declaration, no objection to evidence or motion to arrest the judgment, was presented on this account. The mistake was amendable even after verdict, and therefore may be considered as cured by the verdict: 2 *S. & R.* 219; 2 *Rawle* 23; 5 *State R.* 204; 14 *Id.* 71. The court tried the very issue presented by the parties in their pleadings, and they ought not now to go back of them, to show that their pleadings give wrong dates to the transaction: 30 *State R.* 205.

Judgment affirmed.