## SUPREME COURT.

### THOMAS DEUCHARS agt. CHARLES L. WHEATON.

The *notice of appeal* from the justice's judgment to the county court in this case, specified the grounds of appeal as follows: "That material testimony offered on the trial was excluded;" that "material testimony was admitted which ought to have been excluded;" that "the evidence was insufficient on the question of damages, and that the judgment was against the law of the case."

*Held*, that these allegations of error were altogether too vague and general; they presented no particular points for review.

*Case argued at June Term, at Auburn. Decided at Monroe General Term, at Rochester, September, 1858.*

*Present,* WELLES, SMITH *and* JOHNSON, *Justices.*

APPEAL from a judgment of the county court of Cayuga. The facts sufficiently appear in the opinion.

G. O. RATHBUN, *for appellant.*

D. WRIGHT, *for respondent.*

By the court—E. DARWIN SMITH, Justice. The notice of appeal in this case, is, I think, too indefinite and inexplicit to present any particular points of error for review. The party complaining of error in the proceedings before the justice should in his notice of appeal put his fingers on the error, should specify his objection with as much precision as he would take an exception on the trial of a cause at the circuit, or would except to the decision of the court where the cause is tried by a judge without a jury or by a referee. The language is, that he should serve a notice of appeal, "stating the grounds upon which the appeal is founded." The grounds should obviously be specific and explicit, so that by looking at the grounds stated, the court can at once by reference to the return see how or where they arise, and whether they are well or ill taken. A general exception to a charge of a judge, that it is against law or evi-

dence, would not be valid, so it cannot be good as a specifica-
tion of the grounds of an appeal from a justice. General
exceptions to the report of a referee or of a judge, made after
the decision, that he had *admitted* or *rejected* material testimony,
that the evidence was insufficient on the question of damages,
or on the merits, or on any other point, would not be good.
The ground stated, should refer to some particular error of the
justice, or decision made during the trial, as that the justice
improperly received the witness John Doe, or rejected the tes-
timony of Richard Roe, on a particular point, or overruled an
objection to such testimony in whole or on some particular
subject of inquiry. If a motion for a nonsuit was made and
denied, the ground may then be general that the justice re-
fused to nonsuit. Such an objection will necessarily call for
a review of the whole testimony at the time when such a mo-
tion was made and denied. The codifiers and the legislature
in section 353, doubtless intended to carry out the principles
governing the review of the errors of courts of record, and ap-
ply the same rules and preserve the analogy to the same mode
in proceedings, so far as practicable to the review of justice's
judgments, by confining such review to specific grounds or
allegations of error, as with exceptions to reports of referees
and judges. This makes the whole theory in respect to the
review by one court of the proceedings of another uniform and
consistent, confining the review to specific points of error of
law or fact. The grounds of error specified in this case, are
"that material testimony offered on the trial was excluded,"
that "material testimony was admitted which ought to have
been excluded," that "the evidence was insufficient on the
question of damages and that the judgment was against the
law of the case."

These allegations of error are altogether too vague and gen-
eral. They point to no particular error or decision of the jus-
tice, they require the court to examine critically the whole
return, to see whether it can possibly find some basis to sus-
tain such allegations of error instead of pointing our attention

to specific points of error in the ruling or decisions of the justice.

For these reasons, I think the decision of the court below should be affirmed. Judgment affirmed.