# CAROLINE LENFERS *et al.*

## *v.*

# ANNA C. HENKE *et al.*

1. DOWER—*in mines.* The general doctrine is, that where mines have been opened and worked during the lifetime of the husband, the wife is dowable, but not in mines or strata not opened at all. It makes no difference that they may have been temporarily abandoned. If opened in the lifetime of the husband, she may not only work them, but may construct new approaches thereto. But this court holds it is not waste in a widow to work mines opened by the heir before assignment of dower, and that she is entitled to dower in the profits in case the mines should be worked by the heir or owner of the fee before assignment of dower.

2. SAME—*of an assignment as to mines.* Where a widow, seized of one-third interest in mineral land, makes an agreement with the heir seized of the other two-thirds, that each shall receive one-half of the rents or profits of the mines before they are opened, the agreement may be regarded as an assignment of dower as to the other two-thirds.

3. Mines in land, when opened, are, from their nature, indivisible, and neither partition can be made at law, nor dower assigned by metes and bounds. The only partition that can be made is to order a sale and divide the proceeds.

4. SAME—*assignment of, by heirs of mines, binding.* Where an heir of lawful age makes an assignment of dower in mineral land, by giving the dowress a distinct portion of the rents, if fairly made, it will bind the heir and all privies in estate.

5. STATUTE OF FRAUDS—*does not apply to assignment of dower.* As dower is not created but only ascertained by an assignment, it may be assigned by parol, and livery of seizin is not required.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was a bill filed by Caroline Lenfers and Henry Lenfers, her husband, against Anna C. Henke and John A. Burrichter, her guardian, for the assignment of dower in certain mineral lands. The bill showed that the complainant Caroline Lenfers was the owner in fee of one-third part, and the defendant Anna C. Henke of the other two-thirds, and that the mother of said Anna C., in her lifetime, had agreed with the complainant that the mineral rents and profits of said lands should be equally divided between them, etc. The defendants answered, denying the right to dower, and the court, on the hearing, held the agreement null and void. The other facts appear in the opinion.

Mr. LOUIS SHISSLER, for the appellants.

Messrs. D. & T. J. SHEEAN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The demandant is herself the owner in fee of the undivided one-third part of the land in which dower is sought, and the defendant Anna C. Henke is the owner of the other two-thirds. A portion of these lands contain lead mines, all of which were discovered and opened after the right of dower attached. It was not known in the lifetime of the demandant's husband, that any valuable mines existed in these lands. Two children were living at the death of the husband, one of whom has since died. The entire estate then passed to the widow and the other child, Mary Louisa Camphouse, who afterwards

intermarried with Henry Henke, both of whom are now dead, leaving Anna C. Henke, the infant defendant, as their only heir at law.

It is alleged, it was agreed between Mary Louisa, in her lifetime, and her mother, Mrs. Lenfers, in consideration of her dower interest, the proceeds of the mineral rents derived from the mines discovered in these lands, should be equally divided between them. Mines were accordingly opened that proved very valuable. The agreement as to the division of the rents was faithfully carried out by Mary Louisa during her lifetime, by her husband after her death, and after his death, by the guardian of their minor heir, until the month of November, 1872, when he and the smelters, through whose hands the rents passed, declined to make any further division on the basis of the agreement, until the rights of the parties should be judicially determined. The relief sought is, that the agreement be declared to stand as an assignment of dower, and as conclusive of the existing rights of the parties; but if the contract should be adjudged void, the widow may have dower assigned to her.

The question presented is one of first impression in this court. The general doctrine is, where mines have been opened and worked during the lifetime of the husband, the wife is dowable; but not in mines or strata not opened at all. It makes no difference, the mines may have been temporarily abandoned; it is only material, they were opened in the lifetime of the husband. She may not only work the mines, but she may construct new approaches to them. *Stoughton* v. *Leigh*, 1 Taunt. 402; *Coates* v. *Cheever*, 1 Cow. 474.

The first case we have been able to find on this subject is *Hoby* v. *Hoby*, 1 Verm. 218. In that case it is assumed the wife has dower in mines, but whether it is in mines opened during the lifetime of the husband, or not, does not appear. The next and leading case is *Stoughton* v. *Leigh*, *supra*. The question as to mines opened by the heir was not raised. The judge only gave opinions on the two points indicated: 1st. The wife was dowable of mines opened and worked by the husband. 2d. She was not dowable of any mines or strata

not opened at all.   In many of the later cases, as well as the earlier cases, no reason whatever is assigned for the adoption of the rule; but where any is assigned, it is, the dowress can not open new mines when discovered because she would be committing waste, which she is not permitted to do.   On principle, why may she not be endowed of mines opened by the heir or owner of the fee, after the dower attaches and before there has been any assignment?   By all the decisions, it is not waste for her to work mines opened, although the same had been abandoned before the death of the husband.   She may construct new approaches and not be guilty of waste.   On the same principle, if the cases on this question can be said to rest upon any principle, she could work mines opened by the heir without being guilty of waste.   The reason for the rule adopted, that bars dower in all mines not opened during the lifetime of the husband, failing, the rule ought not to be extended to cases not strictly within its meaning.   In view of the comprehensive definition given by common law writers of the things of which the wife is entitled to be endowed, which includes almost every thing of a permanent nature, whether it is of a material or ideal kind, there can be no reason for giving the rule any broader construction than has heretofore obtained.

Our statute does not define dower.   It provides for the assignment, but leaves the interest to be determined as at common law.   By reference to the authorities, we find, at common law, the wife was entitled to be endowed of all lands and tenements of which the husband died seized.   The import of those terms is well known in the law.   Land comprehends all things of a substantial nature, which includes any ground, soil or earth whatever, and hath in its legal signification an indefinite extent upwards as well as downwards.   "Therefore," says Blackstone, "if a man grants all his lands, he grants thereby all his mines of metal and other fossils, his woods, his waters and his houses, as well as his fields and meadows."   Tenement, according to the same author, is a word of still greater extent, and in "its original, proper and legal sense, signifies every

thing that may be holden, provided it be of a permanent na-
ture, whether it be of a substantial and sensible, or of an
unsubstantial, ideal kind." 2 Black. 17*, 18*.

The minerals in this land are a part of the land itself, and if,
by reason of the mines, it is not susceptible of division, the
wife is entitled to be endowed of the profits or rents. The
principle is, she is entitled to dower of all the profits of lands
and tenements of which her husband was seized as of an estate
of inheritance. In *Stoughton* v. *Leigh, supra,* it is said, "it
is no impediment to dower that the tenements are of such a
nature they can not be assigned by metes and bounds, but in
those cases it shall be assigned as well as it can be, as by the
third toll-dish of a mill, or the like."

In the case of *Deckin* v. *Harner,* D. & S. 284, although
the decision was placed on other grounds, the vice chancellor
expressed the opinion, that a widow, dowable of the real estate
of her husband, not having done anything to preclude her from
doing so, may claim one third of the income of the proceeds
arising from the royalties of mines opened after her husband's
decease, but not one-third of the corpus.

The demandant's interest in these mines comes strictly with-
in the definition of dower, and if she is to be barred of that
right it must be upon some principle or for some reason known
to the law. We have not been able to find any authority ex-
actly in point, but the reasoning of the decisions on this ques-
tion do tend to support the theory we are endeavoring to
maintain, viz: there is no reason why the wife may not be en-
titled to be endowed of mines opened by the heir or owner of
the fee after the right of dower attaches, and before there has
been any assignment, as well as in mines opened by the hus-
band. In *Coates* v. *Cheever, supra,* it was decided the right
of dower attached to a bed of iron ore; that such bed of con-
siderable extent was regarded as opened, although the open-
ings which had been worked by the husband, had been
partially abandoned, but other openings into the same bed had
been made by the heir.

In *Carr* v. *Carr,* 4 Dev. and Bat. 179, it was decided that,

while the dowress could not use trees standing on the dower lands, for making turpentine, which had not been used by her husband for that purpose, still she could rightfully use trees in the ordinary mode for making turpentine, that had been boxed and tended in the lifetime of the husband, and might box new trees as those already boxed became unfit for use, so as not to enlarge the crop beyond what it had been when the dower was assigned. The case of *Findley* v. *Smith*, 6 Munf. 134, is illustrative of the same doctrine.

What possible difference could it make, whether the trees were boxed by the husband, or by the heir before assignment of dower? In either case she would be entitled to the profitable and natural use of the dower estate, so she does not commit waste. The heir, by opening the mines, has destroyed all other profits of the land. There is no mode of enjoying mines except by working them. If this can not be done they are profitless to the dowress. As we have seen, it is not waste in her to work mines opened by her husband, and, by a parity of reasoning, we reach the conclusion, it is not waste for her to work mines opened by the heir before assignment of dower. At all events, she would be entitled to dower in the profits in case the mines should be worked by the heir or owner of the fee, before assignment of dower.

But the agreement proven may be regarded as an assignment of dower. Mrs. Lenfers and her daughter, being the owners of the fee of the lands, had the right to open mines and cause them to be worked. When the mines in question were opened no assignment of dower had been made. That Mrs. Lenfers had dower in the lands is not controverted. Independently of any agreement, she, being the owner in fee of an undivided one-third of the lands, was entitled to one-third of the mineral rents. The mines, when opened, in their very nature were indivisible. Neither partition could be made at law, nor dower assigned by metes and bounds. *Connant* v. *Smith*, 1 Aik. 67; Bainbridge on Mines, 155*; *Adams* v. *Briggs*, 7 Cush. 361.

The only partition that can be made is to order a sale of the

mines and divide the proceeds.    *McGillivray* v. *Evans et al.*
27 Cal. 92,

After the mines in this case had been opened there was no
practicable way in which dower could be assigned by metes and
bounds.    It was assigned in the only way that it could be
equitably done, by giving the dowress a distinct portion of
the mineral rents.    The right of dower existed, and it was
competent for the heir herself to make the assignment.    If of
lawful age, the assignment once fairly made would bind the
heir and all privies in estate, and would be conclusive of the
subsisting rights of all the parties in interest.

But, at common law, the infant heir may assign dower for
the reason, as it is said, the widow's "claim is urgent and
necessary for her immediate support."    Bainbridge on Mines,
151*.    However, the law protects the heir against the effects
of an excessive or fraudulent assignment.    *Hoby* v. *Hoby*,
*supra.*

The objection, the agreement was not in writing and there-
fore within the Statute of Frauds, is not well taken.    Treating
it as an assignment of dower, it was valid, though existing in
parol.    Bainbridge, in his work on Mines, says, "dower may
be assigned by parol, notwithstanding the Statute of Frauds,
for her estate is not created, but only ascertained, by assign-
ment; and where she has entered after assignment, the freehold
vests in her without the livery of seizin, whether the assign-
ment has been accomplished by agreement or by the course of
the law."    Bainbridge, 149*.

Sir Edward Coke, in his Commentaries, after stating briefly
of what, by whom, and to whom the assignment must be made,
adds: "But their needeth neither livery of seizin nor writing
in any assignment of dower, because it is due of common
right."    Coke on Lit. 35 a.

We have no doubt the agreement between the complainant
and her daughter, Mary Louisa, was in fact an assignment of
dower in the mines situated in the lands in which she had
dower, and as such it is conclusive of the rights of the parties,
unless it can in some mode be impeached.    The heir elected

to treat the mines as opened, and there is, and can be, no reason why she could not assign dower therein out of the rents arising from their use. This she did. It was founded on a valid consideration, and it must be permitted to stand as a subsisting agreement as to the parties to it, and all privies in estate. The heir takes the estate with this charge upon it.

The decree will be reversed, and the cause remanded for further proceedings authorized by the principles of this opinion.

*Decree reversed.*