DAVID KEMBLE

*v.*

MICHAEL R. KEMBLE et al.

A partition of lands containing mineral deposits cannot be ordered, if the location, extent and value of such deposits cannot be ascertained.

On bill for partition, on final hearing on pleadings and proofs.

Kemble *v.* Kemble.

*Mr. L. Van Blarcom,* for complainant.

*Mr. M. R. Kemble,* for defendants.

Bird, V. C.

The bill in this case is filed for the partition of lands. The only question involved is, whether partition can be made without great prejudice, or not; or, if partition cannot be made so that each of the defendants can have the share to which he is entitled in the land, whether a partial partition can be made by giving four of them, who are entitled to four-eighths, their shares in the land, in one parcel, and by making division of the other parcel according to the interests of the other owners. The number of acres described is ninety-two. It is claimed that there are extensive, valuable mineral deposits beneath the surface; but it is not certain as to their exact locality, and it is uncertain as to their extent or value. But the allegation of their existence creates the difficulty which has caused me to hesitate about disposing of the

NOTE.—Ordinarily, there can be no partition of mines, *Mountjoy's Case, Godb. 17; Boston Franklinite Co.* v. *Condit, 4 C. E. Gr. 394; Conant* v. *Smith, 1 Aik. 67; Lenfers* v. *Henke, 73 Ill. 405; Adam* v. *Briggs Iron Co., 7 Cush. 361, 365, Shaw, C. J.;* although it may be done if practicable, *Hughes* v. *Devlin, 23 Cal. 501; Dall* v. *Confidence Mining Co., 3 Nev. 531; Canfield* v. *Ford, 16 How. Pr. 473, 28 Barb. 336;* see *Smith* v. *Cooley, 65 Cal. 46; Harlow* v. *Lake Superior Mining Co., 36 Mich. 105; Coleman* v. *Coleman, 19 Pa. St. 100; Coleman* v. *Grubb, 23 Pa. St. 393; Blewett* v. *Coleman, 40 Pa. St. 45; Coleman* v. *Blewett, 43 Pa. St. 176.*

Two persons were entitled to real property for life, with remainder to their issue, who were not yet ascertained. The trustees of the will had, during the lives of the tenants for life, power to work a quarry on the estate &c., and were directed to work it, and to divide the profits among the persons entitled.— *Held,* that the court could not order a partition or sale, as long as the power and trust lasted, *Taylor* v. *Grange, L. R. (13 Ch. Div.) 223, L. R. (15 Ch. Div.) 165;* although, by statute in England, the surface and mines may be sold separately by the court, *Brown's Trust, 9 Jur. (N. S.) 349; Palmer's Will, L. R. (13 Eq.) 408; Pryse's Case, L. R. (10 Eq.) 531.*

Where a deceased land-owner was entitled to two-thirds of the coal-beds under the surface (which he also owned), and some of the heirs were infants, a sale was ordered in partition proceedings, *Rickards* v. *Rickards, 36 L. J. Ch. 176.*

Kemble *v.* Kemble.

case; for, plainly, if the mineral deposits be what they are claimed to be, on the one hand, and there could be an equal distribution of them under the law, it would be the duty of the court to make division of the inheritance. This right, so long recognized, is cherished as of great importance, and I think courts never fail to give it due weight in the consideration of every such question. But while this is so, the possibility of doing injustice, by the division of land under such circumstances, gave rise to the statute which provides against division when it cannot be done without great prejudice. An effort was made to fix, with some certainty, the location of the minerals, but, for all judicial purposes, it seems to me that that was an entire failure, and only presented more strongly the difficulty under which I am laboring, that is, the uncertainty of making a division without doing great injustice to some of the parties. If one-half of it were to be assigned to the four part owners, they might get all of the mineral deposits; the testimony satisfies me that that is possible. And yet I think it is possible that, in making a division, a smaller portion than one-half might possibly contain the larger portion of the mineral

As to the relative rights of the owners of the surface and of the underlying coal, after a partition thereof, see *Jones* v. *Wagner, 66 Pa. St. 429.*

Tenants in common of mines may be required to account to each other, *Coleman* v. *Coleman, 1 Pears. (Pa.) 470, 474; Kahn* v. *Smelting Co., 102 U. S. 641;* see *North Penn Coal Co.* v. *Snowden, 42 Pa. St. 488; Job* v. *Potton, L. R. (20 Eq.) 84; Parrott* v. *Palmer, 3 Myl. & K. 632; Clegg* v. *Clegg, 5 L. T. (N. S.) 441; Capner* v. *Flemington Mining Co., 2 Gr. Ch. 467; McCord* v. *Oakland Mining-Co., 64 Cal. 134;* or a receiver may be appointed in such partition, *Goodale* v. *Fifteenth Dist. Court, 56 Cal. 32, Morrison, C. J.; Porter* v. *Lopes, L. R. (7 Ch. Div.) 358;* see *Carter* v. *Hoke, 64 N. C 348; Spratt* v. *Ahearne, 1 Jones (Irish) 50.*

A deed conveying an acre of land, upon which there was a mineral spring, to several persons, "one-eighth share of said mineral waters and land to each," creates a mere estate in common, of which partition may be made, *Foreman* v. *Hough, 98 N. C. 386.*

There may be a partition and account among the owners of quarries, *Weise* v. *Welsh, 3 Stew. Eq. 431; McCabe* v. *McCabe, 18 Hun 153;* see *Goodenow* v. *Farquhar, 19 Grant's Ch. 614; Vervalen* v. *Olden, 4 Hal. Ch. 98; Darvill* v. *Roper, 3 Drew. 294;* and of clay-beds, *Massot* v. *Moses, 3 Rich. (N. S.) 168; Curtis* v. *Coleman, 22 Grant's Ch. 561; Rockwell.* v. *Morgan, 2 Beas. 384, 390;* see *Yander* v. *Wright, 66 Ind. 319;* and lime-kilns, *Steffen* v. *Hartzell, 5 Whart. 448.*—Rep.

deposits. These statements are sufficient to satisfy the mind, that the action of a court would, in all probability, impose a great disadvantage upon one or more of the tenants in common. It is plain, therefore, that I cannot proceed under the act of April 20th, 1885 (*Rev. Sup. 785 § 13*), and give to any two or more of the parties to this suit any portion of these lands and order the rest to be sold, without encountering and violating provisions of the act which says, in so many words, that a division or partition is not to be made if it will work great prejudice to the owners.

I will advise a decree in accordance with these views.