## S. Ewart Company v. Carr.

*Justice of the peace — Appeals — Cause of action — Record of justice — Statement of claim—Practice, C. P.*

1. Upon an appeal from the judgment of a justice of the peace the cause of action cannot be changed.

2. In determining what the cause of action was before the justice, the Common Pleas is bound by the record of the justice.

3. The Common Pleas will not hold that an account attached to the statement of claim presents a different cause of action than that appearing by the record of the justice, where the statement filed in court differed merely in the manner of stating the plaintiff's claim as presented to the justice.

Appeal from justice of the peace. C. P. Beaver Co., Dec. T., 1921, No. 376.

*D. A. Nelson,* for plaintiff; *W. S. & Winfield S. Moore, Jr.,* for defendant.

READER, J., April 10, 1922.—This case comes into court on an appeal from a judgment of David Stewart, justice of the peace. The plaintiff has filed its statement of claim in this court, and the defendant has filed an affidavit of

S. Ewart Company *v.* Carr.

defence in the nature of a demurrer, averring that the plaintiff's statement is not sufficient in law. The ground alleged for this petition is that the cause of action stated in the statement of claim is different from that which was relied upon and tried before the justice.

It is well settled that upon an appeal from the judgment of a justice of the peace to the Court of Common Pleas, the cause of action cannot be changed: Wade *v.* Hook, 11 Pa. Superior Ct. 54; Katch *v.* Benton Coal Co., 19 Pa. Superior Ct. 476; Swain *v.* Brady, 19 Pa. Superior Ct. 459; Deihm *v.* Snell, 119 Pa. 316; Owen *v.* Shelhamer, 3 Binney, 45; Caldwell *v.* Thompson, 1 Rawle, 370; Bechtol *v.* Cobaugh, 10 S. & R. 121; Wright *v.* Guy, 10 S. & R. 227.

It is contended in this case that the account stated in the plaintiff's statement of claim filed in this court is not the same account sued upon before the justice. An account is attached to the affidavit of defence which is claimed by the defendant to be that upon which suit was brought and tried before the justice. It is also stated by defendant's counsel that counsel for plaintiff admitted, upon the argument, that this is true.

In determining what the cause of action was before the justice, this court is bound by the record of the justice. An examination of the transcript of the record of the justice, which is filed with the papers in the case, shows that the action is in *assumpsit* for an amount not exceeding $300. It also shows that on the trial plaintiff claimed a balance of $57.60 on an account for goods and merchandise sold to defendant, after allowing him all just credits. The statement of claim filed in this court sets out an account for goods and merchandise sold to defendant, credits on account thereof, and a balance due of $57.60. It is true the account set out in this statement contains many items not set out in the account attached to the affidavit of defence and alleged to be that sued upon before the justice. In the state of the record, the latter account is not properly before us at this time. Comparing it, however, with the account set out in the statement of claim, it appears that the latter contains all of the items stated in the former, together with many others. The latter seems to be a full and complete statement or account of the dealings between the parties, of which the account annexed to the affidavit of defence is but a partial statement. Even if the plaintiff were required to limit his statement to the items alleged to have been set out in the claim before the justice, it is quite possible that upon the trial it would be necessary to introduce in evidence all of the items in the book account as shown in the statement of claim filed in this court, in order to ascertain the state of accounts between the parties and determine their respective liabilities, it being apparent that both accounts relate to the same course of dealing.

At any rate, relying upon the record of the justice as showing the cause of action in the suit before him, it seems to us that the statement filed in this court is merely a different manner of stating the plaintiff's claim, and does not introduce a new cause of action. This would not be a reason for defeating the action in this court or for holding the plaintiff's statement to be defective or insufficient: Coffman *v.* Hampton, 2 W. & S. 377; Millar *v.* Criswell, 3 Pa. 449; Kraft et al. *v.* Gilchrist et al., 31 Pa. 470; Sprenger, for use, *v.* Lamparter, 22 Lanc. Law Rev. 230.

Now, to wit, April 10, 1922, the legal objection to plaintiff's statement raised by the affidavit of defence is overruled, and defendant is required to file a supplemental affidavit of defence to the averments of fact of the statement within fifteen days.

From F. H. Laird, Beaver, Pa.