## McCaskey Register Company v. Liggett.

*Practice, C. P.—Appeals—Appeals from justice of the peace—Cause of action—Action for goods sold—Action upon a written note.*

1. When a case comes into court upon appeal from a justice of the peace, the plaintiff cannot substitute a different cause of action from that adjudicated by the justice. He must claim the same debt or assert the same demand for damages, though he may state his claim in a different form.

2. Where the record of the justice of the peace indicates that the plaintiff demanded "$80, alleged due for goods sold and delivered," together with $12 attorney's fees and interest, the plaintiff may, upon appeal, declare in the Common Pleas upon a note for the same debt, although there is no mention of a note in the magistrate's record.

Appeal from justice of the peace. C. P. Washington Co., Nov. T., 1922, No. 260.

*B. H. Pettes,* for plaintiff; *Harry W. Cannon,* for defendant.

BROWNSON, P. J., Jan. 29, 1923.—When a case comes into court upon appeal from a justice of the peace, the plaintiff cannot substitute a different cause of action from that which was adjudicated by the justice. He must claim the same debt or assert the same demand for damages, though he may state his claim in a different form: Kraft *v.* Gilchrist, 31 Pa. 470; and he may ask for a larger amount of damages than he claimed below: Millar *v.* Criswell, 3 Pa. 449; not, however, increasing them to an amount in excess of the justice's jurisdiction: Linton *v.* Vogel, 98 Pa. 457.

The plaintiff's demand, as stated upon the record of the justice, was for "$80 alleged due for goods sold and delivered," together with $12 attorney's fees and interest. The statement of claim filed in this court sets out a note for $80, which contains some words tending to indicate that it was given for goods shipped to the maker, and contains a stipulation for the payment of an attorney's fee or commission, if placed in the hands of an attorney for collec· tion. By statutory demurrer, the defendant objects that the plaintiff has substituted a different cause of action from that sued on before the justice. We are unable to find from the pleadings and record that this is so, the indications all being that the $80 specified in the note is the same debt owing "for goods sold and delivered" that is mentioned on the justice's docket, although the fact that the defendant's promise to pay this sum for the goods, together with an attorney's fee, was reduced to writing in the form of a note is not mentioned in the magistrate's record. We think the statutory demurrer should be overruled, and that the defendant should file his affidavit of defence to the merits.

### Decree.

And now, Jan. 29, 1923, after argument and due consideration, the statutory demurrer is overruled and the defendant is directed to file his supplemental affidavit of defence in reply to the plaintiff's statement of claim within fifteen days from this date. This decree is made without prejudice to the determination at the trial of the identity of the cause of action, should the evidence raise any question upon this subject.

From Harry D. Hamilton, Washington, Pa.