## Parson v. Downer.

*Justice of the peace — Damages — Amount — Jurisdiction of justice — Trespass.*

1. The rule that the amount of the damages stated on the docket of a justice of the peace does not bind either of the parties to that sum, or to a less or greater amount, is subject to the qualification that the plaintiff may not, after the cause is taken into the Court of Common Pleas, increase his demand to an amount which exceeds the monetary limit of the jurisdiction of the justice.

2. So long as the plaintiff keeps within the limit of the justice's jurisdiction, and does not bring in any new or different cause of action, he may change the amount of his claim for damages.

*Justice of the peace — Trespass — Jurisdiction — Acts of July 7, 1879, June 30, 1919, and June 14, 1923 — Constitutional law — Title of act.*

3. A justice of the peace has no jurisdiction, under the Act of July 7, 1879, P. L. 194, over claims in trespass on the case, but only over cases of trespass where force has been directly applied.

4. Where the injury is by the direct act of the defendant, whether done wilfully or negligently, trespass is the proper remedy to recover the resulting damages, and a justice of the peace has jurisdiction, if the damages do not exceed the statutory limit of his jurisdiction.

5. The amendment which the Act of June 14, 1923, P. L. 718, purports to make in section 36 of the Act of June 30, 1919, P. L. 678, is unconstitutional, because not covered by the title of the amending act.

Statutory demurrer to plaintiff's statement. C. P. Washington Co., Feb. T., 1926, No. 325.

Before Brownson, P. J., and Cummins, J.

*Witherspoon & Devore,* for plaintiff; *James C. Bane,* for defendant.

BROWNSON, P. J., Aug. 23, 1926.—The sole questions of law which the statutory demurrer purports definitely to raise are whether, after the bringing into court, upon an appeal taken by the defendant, of an action of trespass commenced before a justice of the peace, the plaintiff can claim as the damages caused by the trespass, and the court has jurisdiction to award, the items of loss set out in the statement of claim aggregating a larger sum than the amount stated upon the record of the justice.

It might be remarked that, as the defendant is not required to answer the averments as to losses and damages suffered by the plaintiff, it is unnecessary that this question be decided now, and it could be passed upon at the trial.

Parson *v.* Downer.

However, the question as to a revision of the claim for damages seems to be answered by the case of Millar *v.* Criswell, 3 Pa. 449. There the justice's docket stated the amount of damages claimed as being $20. The defendant having appealed, the plaintiff was awarded a judgment in the Common Pleas for $42.36. The judgment was affirmed, Mr. Justice Burnside saying: "When a case is brought by appeal into the Common Pleas and placed on the docket, from thence it is subject to the same rules as other actions. The amount of the damages stated on the docket of the justice does not bind either of the parties to that sum, or to a less or greater amount. They are only confined to the same cause of action." Of course, the rule thus stated is subject to the qualification that the plaintiff may not, after the case comes into court, increase his demand to an amount which exceeds the monetary limit of the justice's jurisdiction, because it is well settled that the jurisdiction of the appellate court rests and depends upon the existence of jurisdiction in the tribunal from which the appeal was taken and cannot exceed the same. But so long as the plaintiff does not undertake to exceed the statutory limit of jurisdiction, and does not attempt to bring into the case any new or different cause of action, but adheres strictly to the cause of action for which the suit was originally brought, he may, it seems, revise the statement of his demand for damages. The action in this instance was brought to recover damages for the infliction of injuries upon an automobile owned by plaintiff by a collision for which he charges the defendant with responsibility as a trespasser. By the Act of July 7, 1879, P. L. 194, justices of the peace were given jurisdiction in actions of trespass up to $300. This statute did not, however, embrace jurisdiction of claims recoverable in trespass on the case. The criterion by which to determine whether the demand is in trespass (of which a justice has jurisdiction) or is in case (of which he does not have jurisdiction) is that of "force directly applied;" where the injury is by the direct act of the defendant, whether done wilfully or negligently, trespass is the proper remedy to recover the damages resulting, and a justice of the peace has jurisdiction if such damages do not exceed the statutory limit thereof: Sprout *v.* Kirk, 80 Pa. Superior Ct. 514. All the damages now claimed by the plaintiff, amounting to $150, would appear by the statement of claim filed to have been suffered as the result of, and to flow directly from, the wrong upon which the plaintiff declares, viz., the breaking and injuring of his automobile, which wrong or injury is the cause of action for which the suit was originally brought. The plaintiff, therefore, contends that, the damages which he claims being less than $300, he is now entitled to. prosecute this action for their recovery, taking the position that the Act of 1879 was not repealed nor affected by the amendment which the Act of June 14, 1923, P. L. 718, purports to make in section 36 of the Act of June 30, 1919, P. L. 678. The proviso contained in that amendment, "that no action involving more than $100 shall be brought before any alderman, magistrate or justice of the peace," has been held in Sharp *v.* Boyer, 6 D. & C. 597, to be intended to apply only to suits brought under the amended section against non-residents who cannot be served in the county where the injury was suffered. However, the entire amendment of section 36, which this Act of 1923 purports to make, is clearly unconstitutional and invalid because not covered by the title of the amending act. That title recites the title of the act proposed to be amended, and if it had stopped after doing so all of the proposed amendments would have been valid as being germane to the subject-matter of that title: Philadelphia *v.* Railway Co., 142 Pa. 484, 491; Blanchard *v.* Township Supervisors, 286 Pa. 283; but, after making that recital,

Parson v. Downer.

the title of the Act of 1923 proceeded to give a list of the particular subjects respecting which it was proposed to amend the Act of 1919 and the changes to be made therein, and this list did not include the matters which the body of the amending act undertakes to insert in section 36, so that the title is, so far as concerns the attempted amendment of that section, a misleading title: Brown's Estate, 152 Pa. 401; Union Passenger Ry. Co.'s Appeal, 81* Pa. 91. We are of opinion that the jurisdiction conferred by the Act of 1879 has not been affected by the Act of 1923.

What is said above covers the only question that can be said to have been raised in the manner prescribed by section 20 of the Practice Act of 1915. A remark made in defendant's brief, suggesting that the plaintiff is attempting to claim in this case for consequential damages, directs attention to a question not raised in the affidavit of defence filed in lieu of demurrer, and, hence, not now before us, viz., whether, upon the state of facts set out in the statement of claim, and applying the test laid down by McIlvaine, P. J., in Richardson v. Duff, 1 Wash. Co. Repr. 195, 197, the justice had jurisdiction to entertain the suit at all; in other words, whether the facts as the plaintiff states them do not show that the wrongful act with which he charges the defendant was merely the occasion of a consequential injury, instead of itself directly and immediately inflicting the injury by an application of force to the plaintiff's car. But as this question, which goes to the entire jurisdiction over this suit and can be raised at any time, has not formally been brought before us nor discussed by counsel, we shall not at present consider it.

And now, Aug. 23, 1926, the statutory demurrer is dismissed, without prejudice to the raising hereafter, in such manner as the defendant may elect, the question of the jurisdiction of the court over this action.

From Harry D. Hamilton, Washington, Pa.