## Grumbling v. Motter

Before McCann, P. J., McKenrick and Griffith, JJ.

*Glass & Glass*, for plaintiff.

*Harkins & Wharton*, for defendant.

GRIFFITH, J., December 18, 1950.—Defendant filed a preliminary objection asking that the complaint be stricken off because of a lack of conformity to law under Pa. R. C. P. 1017(*b*) (2).

Plaintiff brought suit in trespass before an alderman, which resulted in a judgment being entered for plaintiff and against defendant in the sum of $80.65. Defendant appealed from the alderman's judgment to this court, whereupon plaintiff filed a complaint in assumpsit claiming the same amount.

Plaintiff sets forth facts sufficient to sustain an action of trespass, and avers that plaintiff's automobile while lawfully parked and unattended was damaged by the negligent operation of another automobile by defendant. However, the complaint further alleges that defendant agreed to pay the cost of repairing plaintiff's automobile.

As was said in Reitze v. Meadville & L. Ry. Co., 126 Pa. 437, 439:

"It has been the law of this Commonwealth, certainly since the case of Moore v. Wait, 1 Binn, 219, that while proceedings are de novo in the Court of Common Pleas, on an appeal from a justice of the peace, that the cause of action must remain the same; that the plaintiff cannot shift his ground as to his cause of action."

It is, however, equally clear that on appeal plaintiff may change the form of action: Bright v. Getz et al., 81 * Pa. 144, and Kraft et al. v. Gilchrist et al., 31 Pa. 470.

In our opinion, by filing a complaint in assumpsit, plaintiff would be abandoning the cause of action which was presented to and tried before the magistrate, that is, the negligence of defendant, and asserting a new cause of action upon which the magistrate was given no

opportunity to adjudicate, that is, defendant's promise to pay for the repairs required as a result of the accident: Gingerich v. Ferree et al., 11 D. & C. 526. The material fact tried by the magistrate was defendant's negligence. The material fact which would be tried under a complaint in assumpsit in this court would be whether or not defendant promised to pay the amount of plaintiff's damage. While defendant's contract to pay arose from the same transaction, we believe a different cause of action is being sued upon.

In a trespass action the phrase "cause of action" means "the negligent act or acts which occasioned the injury": Martin v. Pittsburg Rys. Co., 227 Pa. 18; Cox v. Wilkes-Barre Ry. Corp., 334 Pa. 568, 570.

However, we will not summarily strike off plaintiff's complaint, because the complaint does set forth a good cause of action in trespass. The fact that the complaint also contains an averment that defendant promised to pay the amount of plaintiff's damage was possibly intended merely as an allegation that defendant had admitted that his negligence caused the accident.

Since the complaint as drawn sets forth a good cause of action in trespass, we will give leave to plaintiff to amend the form of action as set forth in his complaint from assumpsit to trespass so that the issue may be tried on the pleading already filed.

We, therefore, enter the following

*Decree*

And now, December 18, 1950, after argument and upon due consideration, defendant's preliminary objection moving to strike off the complaint is hereby sustained unless plaintiff within 10 days after notice of this decree change his complaint from assumpsit to trespass in accordance with Pa. R. C. P. 1033, and leave of court to make such change is hereby granted.