M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by B. Murphy against George. The plaintiff in the Court below had a verdict and judgment. The questions presented for the consideration of this Court, are shown by a bill of exceptions. On the trial of the cause, the plaintiff offered in evidence, a certified copy of a confirmation, made by the recorder of land titles, which was objected to, but admitted by the Court. The plaintiff also offered in evidence, a copy of a record of partition of certain lands between the heirs of Sarah Murphy, in which the premises in question were assigned to the plaintiff which was objected to, the objection overruled, and the paper went in evidence. Out of these two papers, arise the only points fit to be noticed in this case. The objection made to the admissibility of the copy of the confirmation, is, that the confirmation is not a confirmation by the recorder of land titles, but is a confirmation by the act of Congress. The act of the General Assembly says, that certified copies of confirmations, had before the Board of Commissioners, or before the recorder of land titles, shall be evidence.
It is contended by the appellant’s counsel, that this copy is no evidence, because it does not appear to he a confirmation by the recorder. It is true, that the acts of Congress, under which the recorder acted, did not authorize him to make an absolute confirmation. The act of Congress, of 2d August, 1813, under which the recorder acted, says, the recorder shall make a report to the commissioner of the general land office of claims, with his opinion, as to whether the claim ought to he confirmed, and the report shall be subject to the determination of Congress. We are satisfied from the record, that this claim was embraced in that report j and it appears, also, that the recorder gave his opinion, that this claim ought to be confirmed; for, he says, it is confirmed. This report was also confirmed by a subsequent act of Congress ; so that there is no question, but that the claim is confirmed. We think it also a confirmation by the recorder, within the meaning of the act of the General Assembly. This act of the Legislature was passed in 1824. At that time, it must have been known to the Legislature, that there was, strictly, no such thing as a confirmation hv the recorder. They have said, that copies of confirmation, made by the Board of Commissioners, and made by the recorder, shall be evidence. Those reported on by the recorder, and confirmed by the act of Congress, form a respectable and numerous class; and the object of the act was, to provide testimony for the land owners of the State, to secure and protect their rights. We can see no reason why those confirmations, made by the commissioners, should be objects of regard, more than those by *559 the recorder, and confirmed by the act of Congres. This omission is, at most, a mere verbal mistake. The copy objected to, is, beyond all doubt, within the equity of the act of Assembly. This point, we think, is with the defendant in error. The next point is, did the Court err in receiving the copy of the partition ? Many objections are made on this evidence, only one of which is of any importance. It appears that this was a proceeding under the statute for a partition of lands; commissioners were appointed to make partition; they did so, and made a return of their proceedings to Court. Objections were made to the report, and the report was set aside by the Court; and the Court proceeded to make partition. This the Court had no power to do. It has been decided already by this Court, that this partition is erroneous ; but that fact is not now in question; but the question is, whether this partition is irregular, and wholly void? If the proceeding is wholly void, it could not be testimony in the cause; if only erroneous, it would be good till reversed. The greatest and clearest distinction between error and irregularity is this: that error takes place where the Court have a right by law to do the thing, but do it wrong. This is error. But where the Court by law have no right to do'the thing, yet proceed to do it, this is irregularity; and the thing done, and that which naturally depends on it as a foundation, is void. If the party, however, will lie by and permit the other party to proceed, the law holds he has waived his advantage; and in this way some things holden to he void are helped and cured; but, whether there has been a waiver in this case or not, is not a question. From these premises I conclude that the partition was wholly void, and ought to have been rejected by the Court. The statute says that the commissioners appointed by the Court shall proceed to make partition, &e., and that they shall make return of the partition to the Court, which return, if approved of by the Court, shall be a partition between the parties. But it does not say what shall be done if the partition is disapproved of. There can be no. doubt that the Court has power to refer the matter again to the commissioners; for it is clear that none but commissioners can make the partition, unless the parties do it, which we know they always can do ; but the act no where gives the Court the power to make the partition. Inasmuch, therefore, as the Court did make the partition, I think it wholly void.
The judgment is reversed, and remanded to the Circuit Court for a new trial.