## MANLEY et al. v. BOONE et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1908.)

No. 1,343.

1. PARTITION—MINING PROPERTY—SUSCEPTIBILITY TO PARTITION.

Though, since mining property, as a rule, is not susceptible to division, and partition thereof must generally result in its sale, such property may not only be divided among the owners in proportion to their respective interests, but, under the express terms of Alaska Codes, pt. 4, § 404, it must be so divided, unless it appears that a partition thereof cannot be made without great prejudice to the owners.

[Ed. Note.—Partition of mineral rights or lands, see note to Dangerfield v. Caldwell, 81 C. C. A. 405.]

2. SAME—DIVISION—WHO TO MAKE.

Under Alaska Codes, pt. 4, § 405, providing that where the court in a partition suit adjudges partition, instead of a sale, it shall designate three referees, who shall divide the property and allot the several portions thereof to the respective parties, the quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, designating the several portions, and under section 409, providing that, if the referees report that the property cannot be partitioned without great prejudice to the owners and the court approves the report, the court may direct a sale, the court cannot itself make a division of property, except in the indirect mode of confirming the report of the referees appointed to carry out the order of partition.

3. SAME—PERSONALTY.

Personalty connected with mining property could not be the subject of partition in an action to partition such property, except so far as such personalty constituted a part of the realty, and as such constituent part it should have been dealt with by the three referees expressly authorized by Alaska Codes, pt. 4, § 404, to be appointed to make the division between the respective parties, subject to the approval of the court; and hence it was improper to appoint a receiver to take charge of the personalty and to divide it in kind if practicable, or if not practicable to sell it, and to decree that, if the cabins, dams, sluices, and ditches could not be divided, the receiver should allow to one or the other of the parties just compensation for the same.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska.

This action was brought to obtain a decree of partition of certain placer mining ground situated in the Fairbanks mining district of the territory of Alaska known as "Creek Claims Nos. 4 and 5 Below Discovery on Cleary Creek," and "Bench Claims Nos. 4 and 5 Below on the First Bench, Right

Bank of the Creek"; the bench claims lying north of their companion creek claims, respectively, and the whole forming one contiguous body of mining ground. The appellees were plaintiffs in the court below, and were the owners of an undivided one-eighth each of the properties, and the appellants the owners of an undivided one-fourth each thereof. The complaint in the action alleged the tenancy in common of the properties, and their equipment and operation by the respective parties as mining partners; that the claims are valuable only for the gold contained therein, and that the appellants had assumed exclusive control and management of them, excluding appellees from any voice in the management; and that in the working of the ground the appellants had been guilty of waste, negligence, carelessness, and extravagance, the motive of which was to force the appellees to sell to the appellants their interest in the property for an inadequate price. The prayer of the complaint was for a partition of the property, a dissolution of the relationship between the parties, and for an accounting, for $50,000 damages growing out of the alleged wasteful and extravagant manner in which the property had been operated by the appellants, for costs, and for general relief.

In their answer the appellants admitted the tenancy in common and the joint operation of the properties by the respective parties, but denied that in their management of the property they had excluded the appellees, or that in their operation they had been either wasteful, careless, or negligent. As an affirmative answer they set up the character of the property, the adoption by common consent of all of the parties in interest of a joint plan of working the ground as a whole, and the installation of a plant for that purpose, and alleged that the ground could not be divided into parts without a loss; that the gold-bearing gravels contained in the claims are found in "pay streaks," which vary greatly in width, depth, and richness, do not run in uniform courses through the ground, and that it would be impossible to divide the claims into four or any other number of equal parts even approximately of equal value; that owing to the situation and character of the property, and the manner in which it should be worked, it is not susceptible of actual partition in parts without great prejudice to the owners; and that the only way in which the claims can be partitioned is by the sale of the property as a whole. The appellants at the same time filed a cross-bill setting up substantially the same matters stated in their answer.

While the record contains a large amount of testimony bearing upon the various issues made by the pleadings, the main contest between the parties is whether the property is susceptible of a fair partition in kind, or whether it should be sold as a whole and the proceeds divided in accordance with their respective interests. The court below found that the property can be fairly divided into parts without great prejudice to the owners, and that they would suffer far greater prejudice from a sale of it than by a division thereof into parts; and the court thereupon determined the manner in which the partition should be made, and the locality and boundaries of each allotment, in these findings:

"(5) That the property can be fairly, equally, and impartially divided into parts by giving to the plaintiffs a piece of ground of Creek Claim No. 4 which shall include 73 feet of the lower part of the ground, known as 'worked-out' ground at the upper end of said claim, and 162 feet of the unworked ground immediately adjoining thereto, all to extend the full width of said claim No. 4, as will more particularly appear from the plat on file in this case prepared by R. H. Jackson and C. W. Joint, dated September 5, 1905; the ground in these findings sought to be described being the ground indicated upon said plat by the red lines.

"(6) And by the giving to the plaintiffs that portion of side claim No. 4 which is indicated upon said map and plat by the red lines; all of the property to be awarded to the plaintiffs by this and preceding findings being marked upon said map and place as 'Boone Allotment.'

"(7) By giving to the plaintiffs herein the property at the lower end of Creek Claim No. 5 and of side claim No. 5 which is indicated upon said map and plat by red lines, and which is designated upon said map and plat as 'Boone Allotment.'

"(8) That said plat herein referred to is marked at the bottom thereof as follows: 'Map of Four Below Mining Company Property, on Cleary Creek, Fairbanks Mining District, Alaska. Surveyed by R. A. Jackson and C. W. Joint, September 5, 1905. Scale, 80 feet 1 inch'—and is hereby referred to and made a part of these findings.

"(9) That if the actual measurements upon the ground shall vary from the measurements set forth in said map that the rights of the parties hereto shall be protected by giving to them the same proportion of the ground as the amount allotted upon said map shall bear to the whole.

"(10) That the personal property can be divided, either by a division of kind, or, if that cannot be done, then by selling the same at public auction in the manner prescribed by law for the sale of personal property on execution.

"(11) That the defendants are to have all of the real property described in the complaint other than that which has been assigned and allotted to the plaintiffs herein."

The decree followed these findings and is as follows:

"Be it remembered that on the ——— day of September, 1905, the above-entitled cause coming on regularly for hearing, N. V. Harlan and McGinn & Sullivan appearing as attorneys for the plaintiffs, and Carr & Nye and W. H. Adams appearing as attorneys for the defendants, and the court heretofore and on the 16th day of September, A. D. 1905, rendered its decision in writing and filed the same with the clerk of the court, and therefore, in accordance with the findings of fact and conclusions of law therein contained, it is ordered, adjudged, and decreed by the court: That the property herein described be partitioned into parts. That the plaintiffs shall receive as their portion of said claims that part indicated upon the map and plat on file in this case, and which is known as 'Map of Four Below Mining Company Property, Made by Jackson & Joint,' and which is referred to in the findings of fact in this case, according to the allotments thereon made; the red lines upon said map being the property that is allotted to the plaintiffs in this action, and the defendants shall be allotted all of the balance of said claims not included within said red lines. That C. W. Joint and R. A. Jackson are hereby appointed referees for the purpose of allotting to the plaintiffs and defendants the respective parts of the property described in the complaint in this action, as the same has been determined by this court according to the map and plat on file herein, and shall designate such portions upon the ground by proper landmarks, and said referees may employ a surveyor, with necessary assistants, to aid them in establishing said landmarks, marking the boundaries of said allotments. That a receiver shall be appointed to take charge of the personal property, and to divide the same in kind if practicable, and, if the same cannot be done, then that the said property shall be sold by him in the manner prescribed by law for the sale of personal property on execution. That if the cabins, dams, sluices, and ditches cannot be divided, then that said receiver shall allow to one or the other of the parties hereto just compensation for the same. That if the measurements upon the ground shall vary from the measurements upon the plat on file herein, that the measurements on the ground shall control, and the parties thereto shall be allowed their respective portions of the same in the same proportion as the same is set forth on the map on file herein. That the court will reserve the matter of costs until the report of the referee and receivers shall be made herein. That the referee and receiver shall make a report to this court of their actions in this case.

"Dated at Fairbanks, Alaska, September 16, 1905.

"James Wickersham, Judge."

The appeal is from that decree.

Carr & Nye, W. H. Adams, and Curtis H. Lindley, for appellants. E. M. Gibson and William R. Davis, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

ROSS, Circuit Judge (after stating the facts as above). Sections 397, 404, 405, and 409, of part 4, of the Statutes of Alaska, are as follows:

"Sec. 397. When several persons hold and are in possession of real property as tenants in common * * * any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the others."

"Sec. 404. If it be alleged in the complaint, and established by evidence, or if it appear by the evidence without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, it shall adjudge a partition according to the respective rights of the parties as ascertained by the court, and appoint three referees therefor, and shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained."

"Sec. 405. In making the partition, the referees shall divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, designating the several portions by proper landmarks, and may employ a surveyor with the necessary assistants to aid them therein. The referees shall make a report of their proceedings specifying therein the manner of executing their trust, describing the property divided, and the shares allotted to each party, with a particular description of each share."

"Sec. 409. If the referees report to the court that the property of which partition shall have been adjudged, or any separate portion thereof, is so situated that a partition thereof cannot be made without great prejudice to the owners, and the court is satisfied that such report is correct, it may thereupon, by an order, direct the referees to sell the property or separate portion thereof so situated."

It is contended on the part of the appellants that the court below erred: (1) In taking upon itself the function of making the partition, instead of appointing referees for that purpose as required by the statute; (2) In appointing two referees, instead of three, as required by the statute, and in limiting their powers to the mere establishment of landmarks and monuments designating on the ground the lands fixed by the court; (3) in appointing a receiver to take charge of the personal property of the parties, or to divide or sell the same as he might determine; (4) in decreeing that the receiver might, in case the cabins, dams, sluices, and ditches belonging to the parties could not be divided, allow to one or the other compensation; and (5) in adjudging that actual partition could be made, and in refusing to order a sale of the premises as a whole, and dividing the proceeds.

In respect to the last point, a careful consideration of the record satisfies us that we would not be justified in interfering with the finding of the court below to the effect that the property in question can be partitioned without great prejudice to the parties in interest. It is quite true that mining property, from its very nature, is not, as a rule, susceptible of division, and consequently that partition of such property must generally result in its sale. See Aspen M. & S. Co. v. Rucker (C. C.) 28 Fed. 223; Brown v. Challis, 23 Colo. 145, 46 Pac. 679; Lenfers v. Henke, 73 Ill. 405, 24 Am. Rep. 263; Hall v.

Vernon, 47 W. Va. 295, 34 S. E. 765, 81 Am. St. Rep. 791; Freeman on Co-Tenancy and Partition (2d Ed.) 435, 537. Still, not only may such property be divided among the owners in proportion to their respective interests, but, according to the terms of the statute under which the present proceedings were taken, must be so divided unless it be made to appear that a partition thereof cannot be made without great prejudice to the owners. That is a question of fact upon which the evidence in the present case is very conflicting, and we think no good reason appears why the conclusion of the trial court upon it should be disturbed. See McKinley Creek Mining Co. v. Alaska Mining Co., 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331; Lilienthal v. McCormick, 117 Fed. 89, 54 C. C. A. 475; Thallmann v. Thomas, 111 Fed. 277, 49 C. C. A. 317; Exploration Co. v. Adams, 104 Fed. 404, 45 C. C. A. 185; Mitchell v. Cline, 84 Cal. 418, 24 Pac. 164. Accepting this fact as found by the trial court, it results, necessarily, that there was no error in the conclusion of the court below to the effect that the partition of the property should be made.

We are of the opinion, however, that the court below erred in taking upon itself the function of dividing it among the various owners, and in designating two referees to mark upon the ground the lines so fixed in the first place by the court itself. The requirement of the statute, which was the basis of the court's action, is that in the event the court adjudges a partition according to the rights of the parties, instead of a sale of the property, it shall designate three referees, "who shall divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, designating the several portions by proper landmarks." And when the three referees so appointed shall have divided the property, "quality and quantity relatively considered," among the respective parties, in accordance with their rights as fixed by the interlocutory decree of the court, they are, by section 409 of the Alaska Statutes above quoted, required to make a report to the court of their action, and "if the referees report to the court that the property of which partition shall have been adjudged, or any separate portion thereof, is so situated that a partition thereof cannot be made without great prejudice to the owners, and the court is satisfied that such report is correct, it may thereupon by an order direct the referees to sell the property, or separate portion thereof, so situated"; that is to say, vacate its interlocutory order directing a partition, and adjudge a sale instead. It is plain, therefore, from the statute itself, that the court cannot itself make the division of the property between the parties, except in the indirect mode of confirming the report of the referees appointed for the purpose of carrying out the order of partition. And to that effect are the authorities. Dondero v. Van Sickle, 11 Nev. 389; Freeman v. Preston (Tex. Civ. App.) 29 S. W. 495; Garth's Guardians v. Thompson (Ky.) 63 S. W. 41; Eakins v. Eakins, 112 Ky. 347, 65 S. W. 812; Lawson v. Bonner, 88 Miss. 235, 40 South. 488, 117 Am. St. Rep. 738; George v. Murphy, 1 Mo.

777; Brown v. Cooper, 98 Iowa, 444, 67 N. W. 378, 33 L. R. A. 61, 60 Am. St. Rep. 190; Freeman on Co-Tenancy and Partition (2d Ed. §§ 526, 543.

We think these provisions of the decree appealed from also erroneous: "That a receiver shall be appointed to take charge of the personal property, and to divide the same in kind if practicable, and, if the same cannot be done, then that the said property shall be sold by him in the manner prescribed by law for the sale of personal property on execution. That if the cabins, dams, sluices, and ditches cannot be divided, then that said receiver shall allow to one or the other of the parties hereto just compensation for the same." This portion of the decree treats the property therein referred to as personalty, entirely disconnected from the real property which was the subject of the action. Such property could not be the subject of partition in that action, except so far as it constituted a part of the realty, and in so far as it pertained to and constituted a part of that realty should be dealt with by the three referees authorized by the statute to be appointed by the court for the purpose of making the division between the respective parties to the suit, subject to the approval of the court.

The judgment is reversed, and the cause remanded to the court below for further proceedings not inconsistent with the views above expressed.