VELMA PORTER et al., Appellees, v. NANCY M. WINGERT, Appellant.

PARTITION: Sale (?) or Partition in Kind (?) An order to the effect 1 that property cannot be equitably divided in kind, but should be sold, based in large part on the fact that numerous mortgages exist on the entire property, is not impeached by the naked assertion of an owner that it can be so divided.

PARTITION: Reference in re Division in Kind. Referees need not 2 be appointed to pass on the question whether the property may be equitably divided in kind, when it is shown to the court at the trial that such division cannot be made.

*Appeal from Guthrie District Court.—J. H. APPLEGATE, Judge.*

NOVEMBER 14, 1922.

REHEARING DENIED FEBRUARY 17, 1923.

ACTION in partition. Decree was entered as prayed in plaintiffs' petition. Defendant appeals.—*Affirmed.*

*E. W. Weeks* and *Clarke & Cosson,* for appellant.

*Sayles & Taylor,* for appellees.

FAVILLE, J.—The appellant and appellee are each the owner of an undivided one-half interest in 142.74 acres of land, lying in a single tract. The land is incumbered by three mortgages, which, together with the interest accrued thereon and unpaid taxes, aggregate more than $34,000.

The action is the ordinary and usual action in partition. Appellee alleges the ownership of the property to be in the respective parties, sets out the incumbrances and liens thereon, and alleges that the parties have been unable to make an equitable partition, and that it is impossible and impracticable to make a partition of said property in kind, and that it is necessary that the same be sold as a whole. The petition also alleges that the third mortgage on said premises is past due; that the appellant is unable to make payment of her share of the same; that appellee has paid the interest on the second mortgage and the appellant has paid no part thereof; and that said mortgage is now due.

The answer, with certain admissions, alleges that the premises could be divided and each have an equitable share thereof, and that it is unnecessary to sell the same at this time.

The court entered a decree finding that each of the parties owned an undivided one-half interest in said real estate, and adjudging that the same property cannot be equitably partitioned in kind, and that the same should be sold, and the proceeds of the sale divided, as provided by the decree. A referee was appointed under said decree, to make sale of said property,

and provision was made for the payment of incumbrances out of the proceeds of the said sale.

I.   The appellant contends that the court erred in decreeing a sale of the real estate and in refusing a partition in kind. This claim is predicated largely upon the fact that the appellant, as a witness, testified:

1. .PARTITION:
sale (?) or partition in kind (?)   "I offered to divide the land, several times. It can be divided in kind,—80 acres of the improved and 63 acres of the unimproved."

It is urged that this evidence is sufficient to overcome the finding of the court in the decree that the real estate cannot be equitably partitioned in kind.

We cannot acquiesce in this contention on the part of the appellant. It appears from the record that the tract consists of approximately 143 acres of land, part of which is improved and part of which is not improved; but how much there is, or the respective values of each kind, does not appear. It appears that there are improvements, consisting of a house and barn and a few other buildings, on the premises; but how these are located, and the value thereof, is not shown.

Upon the record made, the court did not err in holding that the property could not be equitably divided in kind, and in decreeing a sale thereof. If the appellant intended to seriously contend before the trial court that the property was capable of partition in kind, and should be so divided, the meager evidence in the record is wholly insufficient to support such contention. On the other hand, it is quite apparent that, with the entire tract incumbered by three mortgages, one of which was due and another in default on interest, a partition of the physical property might work a great injustice, and be wholly impracticable. The court had no power in this proceeding to in any way apportion or divide the mortgages, which cover the entire tract, and a physical partition of the property would leave the tract apportioned to each party incumbered by the mortgages which covered the entire tract.

Not only do we not find from the record that the evidence required a finding by the trial court that the property could be partitioned in kind, but we are satisfied that the record supports the opposite conclusion, and that the decree of the trial

court, finding that the property could not be partitioned in kind, and that it should be sold, was amply justified.

II. It is contended that the court erred in decreeing the sale of the real estate, by failing to refer the matter to referees, to report to the court the question of whether division in kind was possible, from the physical characteristics of the land.

2. PARTITION: reference *in re* division in kind.

Section 4253, Code Supplement, 1913, provides:

"Upon entering such decree, the court shall appoint referees to make partition, unless the parties agree to a sale of the property, or where it is shown that the property cannot be equitably divided into the requisite number of shares, a sale shall be ordered."

Under this statute, it is not necessarily incumbent upon the trial court to appoint referees to make report to the court as to whether or not the property is susceptible of partition in kind. It may be apparent to the trial court, as it evidently was from the record in this case, that the property cannot be equitably divided into the requisite number of shares. The statute expressly provides that, where this is shown, "a sale shall be ordered." It is not true, as a matter of law, that, in every action of partition, it is the duty of the trial court to appoint referees, and await the report of said referees in regard to the possibility or advisability of there being a partition in kind, before a sale may be ordered. In many instances, it is proper that this be done. *Brown v. Cooper*, 98 Iowa 444. But, under the terms of the statute, it is not essential that this be done, where it is shown to the court at the trial that the property cannot be equitably divided in kind into the requisite shares.

We think it was so shown in this case, and that the trial court was not required to appoint referees to attempt a partition of the property in kind, or to report to the court in regard to the matter.

We find no error in the record justifying any interference on our part with the decree of the trial court, and it is, therefore,—*Affirmed*.

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.