[Civil No. 3468. Filed October 15, 1934.]

[36 Pac. (2d) 564.]

N. C. BLEDSOE and HARRIET BLEDSOE, His Wife, Appellants, v. LILLIE N. HOOD, ARTHUR CYRUS BERNER, and the Unknown Heirs of WALTER D. BERNER, Deceased, and the Unknown Heirs of MELLISA R. BERNER, Deceased, Appellees.

Messrs. Sutter & Gentry, for Appellants.

Mr. D. C. Pace, for Appellees.

ROSS, C. J.—This is an appeal from an order vacating a judgment and decree and also a sale thereunder in a proceeding to compel the partition of the S. E. ¼ of the N. W. ¼, the S. W. ¼ of the N. E. ¼, the N. W. ¼ of the S. E. ¼, and the N. E. ¼ of the S. W. ¼, of section 9, township 23 south, range 20 east of the Gila and Salt River base and meridian, containing 160 acres.

The action was brought by N. C. Bledsoe and Harriet Bledsoe, his wife, owners and claimants of an undivided one-half interest in said premises, to compel a partition thereof between them and the other owners and claimants of such lands, to wit: Lillie N. Hood, Arthur Cyrus Berner, the unknown heirs of Walter D. Berner, deceased, and the unknown heirs of Mellisa R. Berner, deceased.

The premises were originally the property of the marital community of William J. Berner and Mellisa R. Berner, both of whom are deceased.

The plaintiffs deraign title to their one-half interest through probate proceedings in the matter of the estate of William J. Berner, and the defendants theirs as the children of Mellisa R. Berner.

Personal service was had on Lillie N. Hood, who resides in Cochise county, where the property is located. Substituted service was had on the other defendants. None of the defendants appeared or answered, and on June 12, 1933, their default was

entered. Thereafter, on the same day, the plaintiffs introduced evidence in support of the allegations of their complaint, and at the close thereof the court entered its judgment and decree awarding an undivided one-half interest in and to said premises to the Bledsoes; an undivided one-sixth interest to Lillie N. Hood; an undivided one-sixth interest to Arthur Cyrus Berner; and an undivided one-sixth interest to the unknown heirs of Walter D. Berner. The court found: ''That the property hereinafter described and subject of this action is such that a fair partition thereof cannot be made without depreciating the value thereof, and that it is more beneficial to all of the parties to this action that said property be sold in one parcel and that it be not partitioned,'' ordered that the property be sold, and converted into money as provided by law, and appointed a commissioner to conduct the sale and to return the proceeds into court to be divided after payment of costs. The commissioner, after noticing the sale, thereafter, on July 21, 1933, sold the property to one Ernest Beyer for $3,500, the highest bid received.

July 25, 1933, Lillie N. Hood filed her motion to vacate and set aside the judgment and to vacate and set aside the sale. The court granted said motion, as we gather from the stenographic report of its decision, upon the following grounds: (1) The court took the view that it was essential that three commissioners be appointed to partition the land, as provided in section 4332, Revised Code of 1928, or to report that it could not be fairly and equitably divided in kind, as provided in section 4335, before the court would acquire jurisdiction to order a sale; and (2) that the complaint was defective in failing to set forth the facts making it necessary to sell, rather than divide, the premises.

The plaintiffs have appealed from the order vacating the judgment and setting aside the sale thereunder, contending that no legal or sufficient reason appears in the record for such action by the court.

While the proceeding to partition was known to the common law, it is governed in this state, as in most of the states, by statute. Article 6, chap. 93, §§ 4328–4342, Rev. Code 1928. The complaint conformed with the provisions of section 4328 by stating the things therein required. Service of process upon the unknown owners or claimants was made as required by section 4329, and upon the known owners in accordance with law.

The court complied with section 4330 upon the hearing of the case by determining the share or interest of each of the owners or claimants in the 160 acres sought to be divided; also by determining the title thereof to be vested in such owners or claimants as alleged in the complaint.

The way we construe sections 4332–4335, as to the duty of the court to appoint commissioners to partition premises, is that this need not be done ''if on the trial of the action, it should appear to the court that a fair partition of the property cannot be made without depreciating the value thereof, or that for any reason a sale thereof is more beneficial to the parties, or either of them.''

If this appears to the court, the language of the statute is, ''it shall, in the first instance, make a decree, directing the real property to be sold'' and ''appoint a commissioner to make such sale,'' etc. Section 4335. In other words, if the court is satisfied from the evidence introduced at the hearing or trial of the action that it is more beneficial to the parties, or that the property cannot be fairly divided without depreciating its value, it may order, with-

out the aid of commissioners, the sale of the property on its own motion. This seems to be the clear purport and intent of the law as enacted by the legislature. These provisions of the statute were followed by the court. The court, as directed by the statute, when it appeared from the evidence that a sale of the property should be made rather than a division in kind, ordered the sale. Under statutes analogous to ours, the procedure followed by the trial court is held to be correct. *Porter* v. *Wingert,* 195 Iowa 317, 190 N. W. 330; *Crumrine* v. *Crumrine,* 77 Ind. App. 76, 131 N. E. 230.

It was not necessary to set forth in the complaint the reasons why the property should be sold rather than divided. Section 4328 prescribes what the complaint shall state, and its terms were strictly followed. At all events, whether the property should be sold or divided is not a question of pleading but one of evidence. *Russell* v. *Koennecke,* (Tex. Civ. App.) 197 S. W. 1111; *Hill* v. *Young,* 7 Wash. 33, 34 Pac. 144.

The motion to set aside the judgment and sale contained other grounds than those upon which the court based its action, but they were rejected by the court, and we think correctly so.

The judgment is reversed and the cause remanded, with directions that the cause be reinstated and that further proceedings be had in accordance with this opinion and the law.

LOCKWOOD and McALISTER, J., concur.