**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUPRITE MINE PARTNERS LLC, an Arizona limited liability company, *Plaintiff-Appellee*, <br><br> v. <br><br> JOHN H. ANDERSON, a married man, acting in his sole and separate capacity; TODD CHRISTIAN ANDERSON, a married man, acting in his sole and separate capacity; MARGARET JANE ANDERSON LILJEMQUIST, a married woman, acting in her sole and separate capacity; PETER HAAKON ANDERSON, a single man; STACEY ELIZABETH ANDERSON ORD, a married woman, acting in her sole and separate capacity, *Defendants-Appellants*. | No. 13-16657 <br><br> D.C. No. 4:12-cv-00286-DCB-LAB <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
November 17, 2015—San Francisco, California

Filed December 31, 2015

Before: FERDINAND F. FERNANDEZ and MILAN D. SMITH, JR., Circuit Judges, and BRIAN M. MORRIS,[*] District Judge.

Opinion by Judge Milan D. Smith, Jr.

**SUMMARY**[**]

**Arizona Law / Mining Claims**

The panel affirmed the district court's summary judgment, and held that the district court properly applied Arizona substantive law regarding partition of mining claims and federal procedural standards for summary judgment.

Plaintiff is a limited liability company formed by children of Guy Anderson (or their successors-in-interest) who wished to sell their interests in Guy's mining claims on a piece of property in Arizona's Copper Mountain Mining District, and the defendants were Guy's remaining child, and his children, who did not want to sell their interest in the mining claims. The district court entered judgment ordering partition by sale, and approved the sale of the property.

---

[*] The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court did not abuse its discretion in allowing all of the defendants to be joined in a single partition action.

The panel held that the district court did not err in granting summary judgment in favor of plaintiff. As an initial matter, the panel held that plaintiff had a legal right to partition under Arizona law which gives any owner or claimant of property held in cotenancy the right to compel partition without regard to the preferences of other owners or claimants. The panel also held that the district court properly concluded that partition by sale was more appropriate than partition in kind. The panel further held that the district court reasonably structured the partition sale, and the sale did not violate any terms of the operative Arizona statute.

The panel held that the district court properly resolved the summary judgment motion according to the Federal Rules of Civil Procedure. Specifically, the panel held that even if Arizona law prohibited summary judgment and instead required a trial in a suit for partition by sale, such a suit was procedural in nature and a federal court sitting in diversity was required to follow federal, not state, procedural rules. The panel held that according to the facts as presented on summary judgment the outcome – partition by sale – would have been identical even if the district court had held a trial. The panel concluded that the district court properly granted relief on summary judgment where there was no genuine dispute of material fact to be resolved at trial.

## COUNSEL

Gary Frank Urman (argued), John Carleton Lacy, DeConcini McDonald Yetwin & Lacy, P.C., Tucson, Arizona, for Plaintiff-Appellee.

Todd C. Anderson (argued), Troy C. McMahan, John Anderson Law, San Clemente, California, for Defendants-Appellants.

## OPINION

M. SMITH, Circuit Judge:

This is an appeal of a diversity action to partition mining claims under Arizona law. We conclude that the district court properly applied Arizona's substantive law regarding partition and federal procedural standards for summary judgment, and we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Guy Anderson (Guy) owned sixteen mining claims in Arizona's Copper Mountain Mining District.[1] Upon his death in 1975, he bequeathed them to his six children, with each child receiving an undivided one-sixth interest in each mining claim.

---

[1] The record indicates that the property as a whole has historically been treated as one piece of property that comprises sixteen mining claims. Copper mining claims are limited in area to 1500 feet along a vein and 300 feet on either side of the middle of the vein. 30 U.S.C. § 23.

Five of Guy's children (or their successors in interest) wished to sell their interests in the mining claims to Freeport-McMoRan Morenci Inc. (Freeport), the owner of an open-pit copper mine operating on adjacent property. Guy's remaining child, John H. Anderson (John), did not want to sell his interest in the mining claims. Those who wished to sell formed the Plaintiff entity Cuprite Mine Partners, LLC (Cuprite), which filed a partition action against John in the District of Arizona. In the original complaint, Cuprite prayed alternatively for partition in kind or partition by sale.

Shortly after the complaint was filed, John executed a series of quitclaim deeds in which he granted his interest in twelve of the mining claims to his four children. Each child received three of the mining claims, and John kept four for himself. He apportioned the claims among his children in such a way that no single owner would have an interest in contiguous claims.

After John executed the quitclaim deeds, Cuprite filed an Amended Complaint to add John's children as additional defendants (collectively, the Defendants). Instead of requesting either partition in kind or partition by sale, the Amended Complaint requested only partition by sale. Cuprite alleged that because the quitclaim deeds diffused John's interest over multiple non-contiguous tracts of land, the property could no longer be realistically partitioned in kind without depreciating its value, and that partition by sale would be more beneficial. Ariz. Rev. Stat. § 12-1218(B).

In response to the Amended Complaint, the Defendants filed a motion to dismiss, arguing that it was improper to join all of the Defendants in a single partition action. The district court denied the motion.

Cuprite moved for summary judgment, arguing that no material facts were in dispute, and that as a matter of law it was entitled to judgment ordering partition by sale. The district court granted summary judgment to Cuprite. The court appointed a commissioner to execute the sale of the property, and directed the commissioner to sell the property on terms "at least as favorable" as the terms outlined in an outstanding offer letter from Freeport. The commissioner was instructed not to sell the property for sixty days following the entry of the order, during which time any party could procure and present a better offer to purchase the property. The commissioner was ordered to proceed with whatever offer he believed to be the most favorable after the sixty-day period had passed.

By the end of the sixty-day period, no one but Freeport had submitted an offer to purchase the property.[2] On April 24, 2014, the district court approved the sale of the property to Freeport.

The Defendants timely appealed.

**JURISDICTION AND STANDARD OF REVIEW**

The district court had diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332, and we review the court's final judgment pursuant to 28 U.S.C. § 1291. We review the district court's denial of the motion to dismiss for improper

---

[2] After the expiration of the sixty-day deadline, another company submitted an "expression of interest" to the commissioner. In addition to being untimely, the district court found that the letter was not an actual binding offer, and that it was "only debatable" whether the terms were better than those proposed by Freeport.

joinder for abuse of discretion. *See Bakia v. Cty. of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982). "A district court's grant of summary judgment is reviewed *de novo*." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007).

## DISCUSSION

On appeal, the Defendants assert that they were improperly joined into a single partition action. They also contend that the district court erred in applying Arizona's partition statute by: (1) not following the procedures outlined in each and every provision of the partition statute, and instead proceeding immediately to partition by sale; (2) ordering sale to Freeport instead of sale at auction; and (3) ordering sale on summary judgment instead of after a trial. We find all of the Defendants' arguments to be unavailing, and we affirm.

## I.  Joinder of the Defendants

The district court did not abuse its discretion in allowing all of the Defendants to be joined in a single partition action. The district court concluded that because of the close proximity of the mining claims and the nature of strip mining, partitioning each claim individually could adversely affect the property rights of the adjacent claim holders. This suggests that joinder was mandatory under Fed. R. Civ. P. 19(a). However, even if joinder was not mandatory, it was certainly permissive. All the properties included in the partition action are part of the same cotenancy created by Guy, Cuprite is seeking the same relief from each party, and the relevant law and facts are common to all the Defendants. Fed. R. Civ. P. 20(a)(2). Permissive joinder is to be liberally construed to

promote the expeditious determination of disputes, and to prevent multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The district court acted well within its discretion in concluding that a single partition action was the most expeditious way of resolving this dispute, and in allowing all of the Defendants to be joined in that action.

## II. Partition

The district court did not err when it granted summary judgment in favor of Cuprite and ordered partition by sale to Freeport.

As an initial matter, Cuprite has a legal right to partition under Arizona law. The Defendants suggest that instead of partition, Cuprite could have sold its fractional interest to Freeport, which as a cotenant could mine the land and pay royalties to the Defendants. Even if this plan were feasible, Arizona's partition statute gives any owner or claimant of property held in cotenancy the right to compel partition without regard to the preferences of other owners or claimants. Ariz. Rev. Stat. § 12-1211(A); *McCready v. McCready*, 810 P.2d 624, 626 (Ariz. Ct. App. 1991) ("[T]he right of partition is an incident of common ownership and is specifically authorized by statute.").

The Defendants' remaining contentions are that the district court erred by improperly applying the Arizona partition statute in ordering sale without following the procedures in each provision of the statute, in ordering sale to Freeport instead of a public auction, and in ordering a sale on summary judgment instead of after a trial. We address each contention in turn.

## A.  Partition by Sale

The district court properly concluded that partition by sale was more appropriate than partition in kind. The statute gives courts broad authority to order partition by sale when appropriate:

> If on the trial of the action, it appears to the court that fair partition of the property cannot be made without depreciating the value thereof, or that for any reason a sale is more beneficial to the parties or any of them, it shall in the first instance, enter a judgment directing that the real property be sold.

Ariz. Rev. Stat. § 12-1218(B). The Defendants argue that the district court should have followed the procedural requirements of all of the other provisions in the partition statute, including appointing a panel of three commissioners to survey the property and divide it into tracts. *See id.* § 12-1215(B). But not every provision applies to every partition. The Arizona Supreme Court has held that where partition by sale is appropriate under section 12-1218(B), the provisions applying to partition in kind (such as appointing commissioners to survey and divide the land) need not be followed. *Bledsoe v. Hood*, 36 P.2d 564, 565–66 (Ariz. 1934).[3] Instead, the court may order such a sale "on its own motion" and "without the aid of commissioners." *Id.* at 565. Thus, when the court determines that partition by sale is appropriate, section 12-1218(B) is the operative provision and

---

[3] The *Bledsoe* court was interpreting an earlier version of the statute that is substantively identical to the current statute at issue. *Compare* Ariz. Rev. Stat. § 12-1218(B) (2013) *with* Ariz. Rev. Stat. § 4335 (1928).

the provisions that apply to partition in kind are not applicable.

On the undisputed facts in the record, the district court properly wielded the power granted to it by section 12-1218(B) in concluding that partition by sale was "more beneficial to the parties or any of them."

First, the nature of mining claims generally make them unsuitable for partition in kind. *Manley v. Boone*, 159 F. 633, 636 (9th Cir. 1908). The mining claims at issue apparently will need to be strip mined in order to obtain maximum value. The district court found that strip mining "takes two feet on the surface for each foot of ground mined underneath," making "in-kind partition of one-sixth of each claim impossible." Even if strip mining five-sixths of the area of each of the claims were technically possible, it would "seriously depreciate the value of the mining claims."

Second, the "parties are so at odds with each other that in-kind partition would be impossible." Partition by sale is appropriate where the parties are "unable to deal with each other in their best interests," or where there is a "problem with access to a portion of the property." *Arnold v. Cesare*, 668 P.2d 891, 895–96 (Ariz. Ct. App. 1983). Such is the case here; if the land were partitioned in kind, it is unlikely that the parties would be able to cooperate with one another to ensure that Cuprite (or its successor) could fully mine its property, and at the same time ensure that the Defendants could still access their small, scattered, and isolated tracts. Based on the undisputed facts before it, the district court properly applied section 12-1218(B) in concluding that partition by sale was "more beneficial to the parties or any of them."

## B.  Sale to Freeport

The Defendants next assert that it was inappropriate to order sale to Freeport instead of individually auctioning off each claim to the highest bidder. They reason that each Defendant separately "would enjoy a tremendous strategic position," and that each acre would sell for more money than if the entire parcel were sold at once. This is both speculative and irrelevant.

It is speculative because it is not at all clear that each Defendant would necessarily have made more money in individual auctions; they could have very well made less. Given the proximity of its mining operations, all of the parties concede that Freeport is the logical buyer of the claims. No firm buyer materialized during the sixty-day offer window set by the district court, so there is no reason to believe that one would have attended an auction for individual tracts within a similar time frame. If Freeport had been the only interested buyer at an auction, and the Defendants were required to accept the highest bid, Freeport could potentially have purchased the property for less than the terms in its operative offer. Further, the purchase price of each individual claim might have varied significantly using this method of sale, depending on the order in which they were auctioned off, as well as their location and accessibility.

*Arguendo*, even if the Defendants are correct, and at least some claims could have commanded a higher price at auction, the statute does not require the district court to order sale in a way that maximizes the proceeds to particular individual owners. Instead, the statute only directs the court to "appoint a commissioner to make the sale . . . and return the proceeds into court to be divided between the persons entitled thereto

according to their respective interests." Ariz. Rev. Stat. § 12-1218(C). "Such commissioner shall sell the real property in the time and manner, and after notice, as directed by the court." *Id.* The district court did not err in exercising the discretionary authority granted to it by the statute in a way that took advantage of Freeport's offer and ensured that the proceeds were divided equally among the owners "according to their respective interests." *Id.* Accepting the current offer or any better terms that could be had was a reasonable way for the district court to structure the partition sale, and does not violate any terms of the operative statute.

## C. Summary Judgment

Finally, the Defendants contend that the summary judgment order should be reversed because a trial is required in an Arizona partition action. We acknowledge that section 12-1218(B) contemplates partition by sale "on the trial of the action." It is not clear whether this language means that summary judgment is never appropriate in a partition action under Arizona law.[4]

---

[4] Like the federal rules, the Arizona rules of procedure allow for summary judgment when there are no genuine disputes of material fact. Ariz. R. Civ. P. 56(a). And the partition statute states that the rules of procedure "which govern all other civil actions shall govern actions for partition when not in conflict with the proceedings provided by this article." Ariz. Rev. Stat. § 12-1224(B). The Defendants urge us to conclude that the "trial" language from section 12-1218(B) conflicts with Rule 56, making it inapplicable to partition actions. Arizona courts do not appear to take this view. In *Register v. Coleman*, the Arizona Supreme Court held that it was appropriate to order partition by sale on summary judgment, but without specifically addressing the "trial" referenced in section 12-1218(B). 633 P.2d 418, 421 (Ariz. 1981).

But we need not (and do not) decide whether the statute requires Arizona state courts to conduct a trial in all partition by sale cases. Regardless of whether an Arizona state court would have been required to hold a trial, the district court correctly resolved the summary judgment motion according to the Federal Rules of Civil Procedure.

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural rules. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The "procedural aspects of summary judgment" are governed by the Federal Rules of Civil Procedure, and "the law of the forum controls the substantive issues." *Caesar Elecs. Inc. v. Andrews*, 905 F.2d 287, 290 n. 3 (9th Cir. 1990). We hold that even if Arizona state law prohibits summary judgment and instead requires a trial in a suit for partition by sale, such a requirement is procedural in nature and a federal court sitting in diversity is required to follow federal, not state, procedural rules. *See e.g. Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645–46 (7th Cir. 2006) ("Federal courts may . . . grant summary judgment under Rule 56 upon concluding that no reasonable jury could return a verdict for the party opposing the motion, even if the state would require the judge to submit an identical case to the jury.").

In determining whether a state law is substantive or procedural, we ask whether the law is outcome determinative; in other words, whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[]." *Gasperini*, 518 U.S. at 427 (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)). We do not apply this test mechanically, but rather, guided by "the twin aims of the *Erie*

rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 428 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

Even if Arizona courts required trials in suits for partition by sale, that would not be outcome determinative here. According to the facts as presented on summary judgment, the outcome—partition by sale—would have been identical even if the district court had held a trial.[5] There are no material disputed facts that would suggest that Cuprite is not entitled as a matter of law to partition by sale. Cuprite has an interest in the property and wishes to end its cotenancy with the Defendants. The Defendants speculated, without a genuine basis, that a more beneficial result could be achieved by not ordering partition, ordering partition in kind, or ordering sale by auction, but nothing in the record suggests that these issues needed to be elucidated in a trial for the district court to apply the appropriate legal standards. *See supra* Part II.A.

The district court properly applied all of the substantive provisions of Arizona's partition statutes that are relevant to this case, and properly applied Fed. R. Civ. P. 56(a) in granting relief on summary judgment where there was no genuine dispute of material fact to be resolved at trial.

---

[5] We applied similar reasoning in *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1091 (9th Cir. 2010). In that case, we held that the federal *McDonnell Douglas* standard should be applied in a diversity action for employment discrimination, even where the law of the forum allowed the plaintiff to meet a lower standard to survive summary judgment. *Id.* at 1090. The panel reasoned that if the plaintiff could not satisfy the heightened federal standard at summary judgment, she would certainly not prevail at trial. *Id.* at 1091.

**AFFIRMED.**