

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE BYBEE and THERESA BYBEE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant-Appellee. | No. 17-35883 <br><br> D.C. No. 6:14-cv-00064-CCL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted April 11, 2019[**]
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Lawrence and Theresa Bybee appeal the district court's grant of summary

judgment in favor of Bank of America, N.A. (BANA) on Mr. Bybee's claims and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its order dismissing Mrs. Bybee's claims for lack of standing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

1.      BANA did not owe a legally cognizable duty to Mr. Bybee. In this diversity jurisdiction case, Montana substantive law governs the Bybees' claims. *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015). Under Montana law, banks have no legal duty to renegotiate defaulted loans. *See, e.g., Mont. Bank of Circle, N.A. v. Ralph Meyers & Son, Inc.*, 769 P.2d 1208, 1213 (Mont. 1989). However, a bank may take on "the role of an advisor, thereby creating a relationship of trust and confidence[.]" *Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1177 (Mont. 2014) (quoting *Deist v. Wachholz*, 678 P.2d 188, 193 (Mont. 1984)). In such circumstances, where a bank "gives advice 'other than that common in the usual arms-length debtor/creditor relationship[,]'" a fiduciary obligation to its customer may arise. *Id.* (quoting *Coles Dep't Store v. First Bank, N.A.*, 783 P.2d 932, 934 (Mont. 1989)).

On *de novo* review, we conclude that the undisputed evidence, taken in the light most favorable to Mr. Bybee, demonstrates that BANA did not establish a fiduciary relationship with him sufficient to create a legal duty. We discern no

---

[1]      Because the parties are familiar with the facts and arguments on appeal, we do not recite them here.

indication that the bank told the Bybees "not to repay a loan, to pay less than the amount required by the loan documents, or to ignore notices of impending foreclosure and avoid curing a default[,]" conduct that the Montana Supreme Court has described as exceeding "the usual arms-length debtor/creditor relationship." *Id.* at 1178. At best, the facts demonstrate that the Bybees were in a fiduciary relationship with their *prior* mortgage servicer, but those claims are barred by the statute of limitations. *See* Mont. Code Ann. § 27-2-204 (2019).[2]

Because Mr. Bybee cannot, as a matter of law, establish that BANA owed him a duty as a fiduciary, his negligence claims fail. *See Hatch v. State Dep't of Highways*, 887 P.2d 729, 732 (Mont. 1994) (reciting elements of negligence cause of action).

2. BANA did not violate the Montana Consumer Protection Act. Claims brought pursuant to the MCPA are subject to a two-year statute of limitations. *See Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 441 (Mont. 2003). Accordingly, the district court properly granted summary judgment on all of Mr. Bybee's claims that arose prior to June 28, 2011.

---

[2] We are not persuaded by the Bybees' argument that BANA is subject to successor liability. Moreover, that theory was not included in their fourth amended complaint and cannot, therefore, serve as a basis for resisting summary judgment. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc).

The remaining timely MCPA claim against BANA in the fourth amended complaint is aimed at two foreclosure notices sent in 2012 that BANA subsequently canceled. Following the Montana Supreme Court's construction of an unfair or deceptive practice for purposes of the statue, we conclude that the bank's decision to cancel planned foreclosures—thereby allowing the Bybees to remain in their home—does not amount to an "immoral, unethical, oppressive, or unscrupulous" business tactic. *See Rohrer v. Knudson*, 203 P.3d 759, 763 (Mont. 2009) (quoting *FTC v. Sperry & Hutchinson Co. (S & H)*, 405 U.S. 223, 244 n.5 (1972)). To the extent Mr. Bybee contends the bank's failure to accept his monthly payments after his loan entered default constitutes a violation of the statute, those claims were not presented in his complaint and we decline to consider them. *See Navajo Nation*, 535 F.3d at 1080.

3.     The district court dismissed Mrs. Bybee's claim for lack of standing, but we may affirm on any basis supported by the record. *See, e.g., E. V. v. Robinson*, 906 F.3d 1082, 1090 (9th Cir. 2018). Because Mrs. Bybee's causes of action are co-extensive with her husband's, even if she had standing to sue her claims fail on the merits.

       **AFFIRMED.**